■    In the Matter of MARY L. EDICK, Respondent, v. MAHLON MARTIN, Appellant.— Order unanimously reversed on the law and facts, without costs, and petition dismissed.  Memorandum: In a filiation case the burden of proof is upon the petitioner (16 N. Y. Jur., Domestic Relations, § 520), and because of the nature of such cases and the difficulty of any respondent to meet a charge of paternity against him (*Drummond* v. *Dolan,* 155 App. Div. 449, 450-451; see, also, *Matter of Rebmann* v. *Muldoon,* 23 A D 2d 163), the law requires that petitioner's evidence in support of respondent's paternity be clear, convincing and " entirely satisfactory " (*Matter of Commissioner of Welfare of City of New York* v. *Fields,* 25 A D 2d 504; *Matter of Rebmann* v. *Muldoon,* supra; *Matter of Commissioner of Welfare of City of New York* v. *Nestasi,* 6 A D 2d 680) and be supported by more than a mere preponderance thereof so as to support a genuine belief that respondent is the father of her child (*Rebmann* v. *Muldoon, supra;* cf. *Greenberg* v. *Colman,* 32 A D 2d 913, 914). Petitioner's testimony that respondent had sexual relations with her on two occasions was unsupported, and respondent steadfastly denied it.  In view of petitioner's testimony that she had sexual relations with each man with whom she ever had a date and that she lived with a separated, married man (respond-

ent's brother) for 4½ years until four months prior to the time of her impregnation for the child in question, we hold that the evidence against respondent does not measure up to the established standard. (Appeal from order of Lewis County Family Court in filiation proceeding.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.