■    In the Matter of RENEE "G"*, Respondent, v. WILLIAM "H"*, Appellant.— Appeal from orders of filiation and support of the Family Court of Broome County, entered January 15, 1974 and February 4, 1974 respectively, which adjudged the appellant to be the father of a child born out of wedlock to the petitioner and directed him to support said child. Relying solely on the uncorroborated testimony of the petitioner, the Family Court found that she had engaged in sexual intercourse with no one other than the appellant during the period of the conception of her child and, accordingly, held that the evidence in the record as a whole was sufficient to prove the paternity of the appellant. On this appeal the appellant challenges the sufficiency of this evidentiary support and urges that the order of filiation should be reversed and the petition dismissed. We agree with the appellant and find that the petitioner's proof fails to meet the standard required in a proceeding of this nature. Petitioner claims that she had sexual relations only one time prior to the birth of her child and that that was with the appellant on May 13, 1972 in a public park at dusk, only a few short hours after first making his acquaintance. She admits that he used a condom for the prevention of pregnancy and that she had no other contact with him either before or after the alleged day other than a telephone call some five months later to inform him of her condition. Furthermore, she acknowledges frequent contact and dating with other young men during the period of conception and, assuming conception on May 13, 1972, offers no medical evidence to explain the birth of her child on January 1, 1973, well over a month before the expected date of delivery. Accordingly, mindful of the fact that the charge of paternity is so easily made and difficult to defend against, we have carefully scrutinized this evidence as presented by the petitioner and, in our view, it is far from being clear and convincing "'to the point of entire satisfaction'" as is required by the relevant case law (*Matter of Beverly W.* v. *Scott D.*, 37 A D 2d 904; *Matter of Gray* v. *Rose*, 32 A D 2d 994, 995). Orders reversed, on the law and the facts, without costs. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Main, JJ., concur.