■ In the Matter of Suzanne "J"*, Respondent, v. Russell "K"*, Appellant.—Appeal from an order of the Family Court, Albany County, adjudging appellant to be the father of respondent's child and awarding respondent $15 weekly support for said child. In a paternity suit the petitioner has the burden of establishing each element of the cause of action by clear and convincing evidence (*Matter of Lopez* v. *Sanchez*, 34 N Y 2d 662; *Matter of Linda "RR"* v. *Brent "SS"*, 40 A D 2d 908). Respondent alleged that conception took place on May 13 and birth on January 18. It was thus incumbent upon her to prove that an act of intercourse occurring in May could produce a baby in January. If the period of gestation had been around 280 days, the court could have taken notice of the fact that it was a full term baby (*Erie County Bd. of Social Welfare* v. *Holiday*, 14 A D 2d 832). However, this was not the case and, thus, in order for respondent to prove her case, it was necessary for expert medical testimony to be introduced to ascertain whether it was reasonably certain under the circumstances that the child was born following a 250-day period of gestation (e.g. *Baranowski* v. *Luciano*, 23 A D 2d 815). The proof of paternity is therefore not clear and convincing and the order must be reversed and the case remitted for a new trial to permit medical testimony of the child's prematurity to be introduced. Order reversed, on the law and the facts, and matter remitted for further proceedings not inconsistent herewith, without costs. Kane, Main and Reynolds, JJ., concur; Herlihy, P. J., and Sweeney, J., dissent and vote to affirm in a memorandum by Herlihy, P. J. Herlihy, P. J. (dissenting) : We dissent. Under the facts and circumstances of this case, it was unnecessary for the petitioner to adduce expert medical testimony to prove the prematurity of her child.

■ In the Matter of Margie "L"*, Respondent, v. Gary "M"*, Appellant.—Appeal from an order of the Family Court, Otsego County, entered April 16, 1973, which adjudged appellant to be the father of the petitioner's child. The petition in this proceeding alleged but a single occasion upon which petitioner engaged in acts of sexual intercourse with respondent and specified the date thereof as March 4, 1972. Although a child was born to petitioner on November 17, 1972, indicating a gestation period of only 259 days, the applicable hospital records are devoid of any reference to a premature birth. The results of a blood test were inconclusive. Both parties agreed that there had been only one instance when they had engaged in sexual relations, but neither could identify or substantiate the precise date of that incident. Acceptance of the earliest possible date developed from the range of testimony on this point would still fail to significantly lengthen the foregoing period of gestation. Appellant has at least raised the possibility of access by another, while petitioner wholly failed to adduce any medical proof explaining the apparent shortness of her gestation period from the generally accepted norm (compare *Baranowski* v. *Luciano*, 23 A D 2d 815, with *Matter of Kiamos* v. *Chiladakis*, 25 A D 2d 647). Under these circumstances, we cannot say that petitioner met her burden of proof establishing appellant to be the father of her child by clear, convincing and entirely satisfactory evidence (*Matter of Lopez* v. *Sanchez*, 34 N Y 2d 662). Order reversed, on the law and the facts, and matter remitted for further proceedings not inconsistent herewith, without costs. Kane, Main and Reynolds, JJ., concur; Herlihy, P. J., and Sweeney, J., dissent and vote to affirm in a memorandum by Herlihy, P. J. Herlihy, P. J. (dissenting) : We dissent. Under the facts and circumstances of this case, it was unnecessary for the petitioner to adduce expert medical testimony to prove the prematurity of her child.

* Fictitious Names.