■ In the Matter of KATHY " R ", Respondent, v. STEVEN " S ", Appellant. — Appeal from an order of the Family Court, Otsego County, entered May 8, 1974, which adjudged appellant to be the father of petitioner's child and directed him to pay toward the child's support and the medical and hospital bills. Appellant raises two issues on this appeal, the first of which involves the trial court's refusal to adjourn the proceeding to allow appellant to produce certain witnesses. He also contends that the evidence was insufficient to establish his paternity. Specifically, he maintains that medical testimony was required as to the probable date of conception. Petitioner testified that she had sexual intercourse with appellant for the first time on April 2, 1973. The baby was born as the result of a normal birth on December 16, 1973, indicating a gestation period of only 258 days. Clearly, this was not the noraml accepted period of gestation of 280 days. The result of a blood test was inconclusive. In the absence of expert medical testimony to ascertain whether it was reasonably certain under the circumstances that the child was born following a substantially short gestation period, the proof of paternity is not satisfactory. In view of our recent decisions we must remand for a new trial to permit the introduction of medical testimony of the child's premature birth. (*Matter of Suzanne " J "* v. *Russell " K "*, 46 A D 2d 935; *Matter of Margie "L"* v. *Gary "M"*, 46 A D 2d 935.) In the light of this determination, it is unnecessary to reach appellant's first contention. Order reversed, on the law and the facts, and matter remitted for further proceedings not inconsistent herewith, without costs. Greenblott, J. P. Kane, Main and Larkin, JJ., concur; Sweeney, J., dissents and votes to affirm in the following memorandum. Sweeney, J. (dissenting). In view of my dissents in both cases cited by the majority, I vote to affirm.

■ HY S. PLAINE et al., as Executors of IRVING SILVER, Deceased, Appellants, v. BENEFICIAL LIFE INSURANCE COMPANY, Respondent, et al., Defendant.— Judgment, Supreme Court, Schenectady County, entered on May 2, 1974 affirmed, without costs, on the opinion of Gibson, J., at Special Term. Greenblott, J. P., Sweeney, Kane, Main and Larkin, JJ., concur.

## (February 19, 1975)

■ In the Matter of VIRGIL R. YOUNG, Respondent, v. NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal dismissed *sua sponte,* without costs, on the ground that the decision is not appealable (e.g. *Matter of McAndrews* v. *Bethlehem Steel Corp.,* 37 A D 2d 699). Motion to dismiss appeal for failure to prosecute denied, without costs, as academic. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALTER BISHOP, Petitioner, v. J. EDWIN LA VALLEE, as Superintendent of Clinton Correctional Facility, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2), for writ of habeas corpus, denied (see CPLR 7003, subd. [b]). Greenblott, J. P., Sweeney, Kane, Main and Larkin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. CHARLES BRESSETTE, Defendant.— Motion for summary reversal of judgment of resentence rendered December 24, 1970 or, in the alternative, for an order directing that defendant be furnished with a free copy of the minutes of his resentencing, denied. The judgment of resentence having been affirmed (*People* v. *Bressette,* 39 A D 2d 794), defendant does not presently have an appeal pending before this court. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.