■ In the Matter of KATHY L. R, Respondent, v STEVEN S, Appellant.— Appeal from an order of the Family Court of Otsego County, entered September 16, 1975, which adjudged appellant to be the father of petitioner's child. When this case was previously considered by this court, we reversed a finding of paternity and remanded the matter to the Family Court "for a new trial to permit the introduction of medical testimony of the child's premature birth" *(Matter of Kathy R v Steven S,* 47 AD2d 680). At the new trial Dr. Edward Eckman, a practicing obstetrician with excellent qualifications, testified that the child's birth on December 16, 1973 was not necessarily "premature", but rather could have been a full term baby delivered after a normal period of gestation. Specifically, he testified that the normal length of time from conception to delivery, which he termed the

"period of gestation", was 38 weeks or 266 days and that the 40-week or 280-day period to which he did not ascribe a name, was the time from the first day of the last menstrual period prior to conception to the day of birth. Because the first day of petitioner's last menstrual period prior to April 2, 1973, the alleged date of conception, was March 11, 1973, the birth on December 16, 1973 was exactly 40 weeks or 280 days later. We accept this testimony of Dr. Eckman, which is supported by a leading New York treatise, although there is a question therein as to whether the 40 weeks is measured from the first or last day of the last menstrual period prior to conception (see *Matter of Margie L v Gary M*, 50 AD2d 1009; 2 Schatkin, Disputed Paternity Proceedings [4th ed, rev], §§ 23.01, 23.02, 25.01, *et seq.*). We conclude, therefore, that the finding of paternity was sustained by "clear and convincing evidence" *(Matter of Lopez v Sanchez*, 34 NY2d 662, 663). Order affirmed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Reynolds, JJ., concur: