■ In the Matter of WILLIAM MORRIS, as Commissioner of Social Services for the Fulton County Social Services District, Respondent, v TERRY K., Appellant.—Appeal from an order of the Family Court, Fulton County, entered February 26, 1973, which established appellant's paternity. This paternity proceeding was instituted by William Morris, as Commissioner of Social Services of Fulton County. After a trial pitting the credibility of petitioner's witnesses against the credibility of appellant's witnesses, the Family Court found appellant to be the father of the child born August 3, 1972, and entered a support order against him. Appellant contends here that the proof did not meet the strict standard required in a paternity proceeding. He thus asks this court to reverse the order of filiation and order reimbursement of all moneys paid pursuant to the order. Appellant's argument rests on two contentions: first, that the testimony of petitioner's witnesses was inconsistent and improbable and, second, that the period of gestation was too short to sustain a finding of normal birth. As for the first contention, it is true that the record presents severe contradictions, but the contradictions are mainly between the testimony of witnesses on either side of the battle line. We disagree that petitioner's witnesses gave inconsistent and unlikely stories. As the Family Court found, the testimony, in and of itself, was clear and concise. In fact, if it were for us to decide, the less likely testimony comes from appellant's witnesses. A parade of blood relatives testified that appellant went to his sister's home at 4:30 P.M. on Thanksgiving Day, 1971, had dinner at 6:30 P.M. and left with the family at 11:00 P.M. One witness, appellant's father, could not remember his daughter's married name, but could remember exact times of arrival and departure on the day in question. It is true, of course, that in a paternity proceeding, paternity must be proved to the point of entire satisfaction by

clear and convincing evidence *(Matter of Lopez v Sanchez,* 34 NY2d 662; *Matter of Kathy L. R. v Steven S.,* 52 AD2d 974). The evidence must be sufficient to create a genuine belief that the one charged is the father of the child *(Matter of Edick v Martin,* 34 AD2d 1096; *Matter of Rebmann v Muldoon,* 23 AD2d 163). Since parties are usually discreet in performing acts of intercourse, the proof often necessarily rests on the testimony of the mother. Such testimony may be sufficient to satisfy the court of paternity. In the case at bar, there is nothing more than a direct conflict of testimony, presenting an issue of credibility. Appellate courts are reluctant to reverse a trial court on findings based on credibility since the trier has the advantage of seeing and hearing the witnesses firsthand *(Gloria R. v George P. L.,* 57 AD2d 892; *Matter of Jay v Andrew Y.,* 48 AD2d 716). In the absence of any circumstances which would lead us to conclude that the Family Court improperly assessed the witnesses' credibility, we would affirm. Appellant's second contention presents a substantial problem. The record indicates a gestation period of 253 days from conception to birth. It is impossible to determine from the record exactly when the mother's last menstrual period commenced, the testimony being that her last period was sometime around the middle of November. The normal period of gestation, using conception as the starting point, is 266 days *(Matter of Kathy L. R. v Steven S.,* 52 AD2d 974, *supra;* 2 Schatkin, Disputed Paternity Proceedings [4th ed, rev], §§ 23.01, 23.02, 25.01 *et seq.).* In *Matter of Kathy R. v Steven S.* (47 AD2d 680), we stated that "In the absence of expert medical testimony to ascertain whether it was reasonably certain under the circumstances that the child was born following a substantially short gestation period, the proof of paternity is not satisfactory." A deviation of a few days from the norm would not require expert proof *(Matter of Suzanne J. v Russell K.,* 46 AD2d 935), but where, as here, the deviation is substantial, petitioner must introduce medical testimony establishing either that a full-term baby could have been born 253 days after conception or that the baby was born prematurely. We note, for purposes of establishing a substantial deviation, the dissent in *Matter of Kiamos v Chiladakis* (25 AD2d 647), citing Eastman & Hellman, Obstetrics (12th ed), wherein a study revealed that 93.6% of births occur between 263 and 299 days after conception, the mode falling at 282 days. Gestation in the case at bar was well without that range. Order reversed, on the law and the facts, without costs, and matter remitted for further proceedings, not inconsistent herewith. Koreman, P. J., Greenblott, Kane and Mahoney, JJ., concur; Sweeney, J., concurs in the following memorandum. Sweeney, J. (concurring). In view of the position previously adopted by this court on the issue of premature birth and medical testimony, I am constrained to vote to reverse.