■ In the Matter of GAIL O., Respondent, v VAN RANDOLPH P., Appellant.—Appeal from an order of the Family Court, Broome County, entered August 23, 1976, which adjudged appellant to be the father of petitioner's child. Petitioner testified that after a protracted period of sexual relations with the appellant, commencing June 26, 1974, that she gave birth to his baby on November 2, 1975. It was her testimony that she lived with the appellant for a period of time commencing between Thanksgiving and Christmas, 1974, and ending in the spring of 1975. It was her further testimony that she returned to his home in June, 1975 and stayed there until August, 1975, and that she did not have sexual relations with anyone else from the time she met appellant until the birth of her baby. Petitioner also testified that the relationship between them was a serious one, that appellant had asked her to marry him and that marriage was prevented only by her mother's refusal to sign the consent forms as she was under age. Appellant also demonstrated his serious intent by the gift to petitioner of a diamond engagement ring in December, 1974. There was additional evidence in the record substantiating the testimony of the petitioner. Appellant admitted having had sexual relations with the petitioner on five occasions, but he denied that she had ever slept at his house or that he had ever asked her mother if he could marry petitioner. On the issue of credibility, this case presents nothing more than a direct conflict of testimony. We are reluctant to reverse a trial court on findings based on credibility since the trier of facts has the advantage of seeing and hearing the witnesses first-hand *(Gloria R. v George P. L.,* 57 AD2d 892; *Matter of Jay v Andrew Y.,* 48 AD2d 716). In the absence of any circumstances which would lead us to conclude that the Family Court improperly assessed the witnesses' credibility, we would affirm. Appellant's second contention presents a medical problem. The record indicates a gestation period of some 264 days dating from the first day of the last menstrual period. Where the period of gestation has been significantly shorter than the norm, this court has reversed and remanded for a new trial allowing petitioner to introduce

medical testimony establishing either that a full-term baby could have been born in that period or that the baby was born prematurely *(Matter of Morris v Terry K.,* 60 AD2d 728; *Matter of Kathy R. v Steven S.,* 47 AD2d 680; *Matter of Suzanne J. v Russell K.,* 46 AD2d 935; *Matter of Margie L. v Gary M.,* 46 AD2d 935). Order reversed, on the law and the facts, and matter remitted for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.