■ In the Matter of LINDA WW, Respondent, v WILLIAM XX, Appellant. —Appeal from an order of the Family Court of Warren County, entered April 27, 1978, which adjudged appellant to be the father of petitioner's child. Petitioner instituted this proceeding to establish that appellant fathered her child born out of wedlock on August 11, 1977. Following a hearing on the matter, the Family Court granted an order of filiation from which this appeal ensues. The sole question presented for our determination is whether petitioner has carried her burden of proof which requires that paternity be established to the point of entire satisfaction by clear and convincing evidence (*Matter of Morris v Terry K.,* 60 AD2d 728; *Matter of Renee G. v William H.,* 46 AD2d 823, affd 39 NY2d 812). We hold that she has carried this burden and, accordingly, affirm the order of the Family Court. Petitioner testified that her menstrual period commenced on November 5, 1976 and ended on November 10, 1976 and that she had unprotected intercourse with appellant on November 11, November 19 and November 30. She also testified to having intercourse with another male on November 30 but denied engaging in any other sexual activity during the time period relevant to this appeal. After learning that she was pregnant, petitioner visited an obstetrician, Dr. Rhodes, on January 10, 1977, who conducted a pelvic examination. Based on this examination which showed petitioner to be two months pregnant and the fact that 95% to 98% of women ovulate between 9 and 15 days after the beginning of their menstrual period, Dr. Rhodes concluded that petitioner became pregnant between November 14 and November 20. While admitting a possible margin of error of five days, Dr. Rhodes testified with a reasonable degree of medical certainty that the baby could not have been conceived on November 30, 1976. Dr. Rhodes' conclusion concerning the period in which conception occurred was supported by the testimony of Dr. Lehine, a pediatrician, whose examination of the baby soon after birth demonstrated that the infant was a full-term baby. Appellant points to testimony by Dr. Rhodes that it was "not impossible" for petitioner to have become pregnant on November 30 to support his contention that petitioner failed to carry her burden of proof. However, the mere fact that another conclusion is possible does not mean that petitioner has failed to carry the burden required of her in a proceeding to establish paternity (see *Matter of Hawthorne v Edward S.,* 31 AD2d 426, 428). Order affirmed, with costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ.