■    In the Matter of WILLIAM MORRIS, as Commissioner of Social Services for the Fulton County Social Services District, Appellant, v TERRY K., Respondent.—Appeal from an order of the Family Court of Fulton County, dated November 15, 1978, which adjudged respondent not to be the father of an infant born August 3, 1972, and ordered petitioner to refund all payments made by respondent for the support of said infant. It was settled on a previous appeal that respondent and the infant's mother had inter-course on November 25, 1971, and that a male child was born on August 3, 1972, weighing 6 pounds 11 ounces *(Matter of Morris v Terry K.,* 60 AD2d 728). However, because the period of gestation was only 253 days, the trial court's finding of paternity was reversed and remanded for a new trial allowing petitioner to introduce testimony establishing that either a full-term baby could have been born in that period or that the baby was born prematurely (see, also, *Matter of Gail O. v Van Randolph P.,* 60 AD2d 944; *Matter of Kathy R. v Steven S.,* 47 AD2d 680; *Matter of Suzanne J. v Russell K.,* 46 AD2d 935; *Matter of Margie L. v Gary M.,* 46 AD2d 935; cf. *Matter of Hanley v Coleman,* 63 AD2d 832). At the second trial, petitioner's medical expert stated that the birth of a full-term child 253 days after conception was not medically incompatible. Respondent's own expert admit-ted that the birth of a full-term infant eight months after conception was possible, although such births are in the minority. Both experts agreed that this infant was full-term at birth. A study of 14,000 pregnancies concluded that the duration of pregnancy, not the period of gestation, in 93.6% of all births is between 265 and 299 days (Eastman & Hellman, Obstetrics [12 ed]). The duration of pregnancy is measured from the first day of the mother's last period, not from the date of conception. Because this mother's men-strual cycle is two days longer than the norm of 28 days, her expected duration of pregnancy must be increased by 2 days resulting in an expected duration of pregnancy of 267-301 days. The mother testified that her last period occurred in mid-November. Respondent's expert testified that the usual conception occurs about 14 days after the onset of a woman's last

period. This places the mother's period on or about November 11 and results in a duration of pregnancy of 267 days. This is within the norm of the Eastman & Hellman study, and our earlier statement to the contrary must be corrected (see *Matter of Morris v Terry K., supra,* p 729). Petitioner has introduced sufficient medical testimony to establish that a full-term baby could be born 253 days after conception. In addition, the possibility of access by others was never raised by respondent in conjunction with this argument that the short term of gestation excluded his paternity. Therefore, the original finding of paternity should be reinstated. Order reversed, on the facts, without costs, and the order of the Family Court of Fulton County, entered February 26, 1973, which established respondent's paternity, reinstated. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.