◼ In the Matter of GERALDINE D. BACKUS, Respondent, v HERBERT A. BACKUS, Appellant.—Appeal from an order of the Family Court of Washington County, entered August 3, 1978, which granted petitioner's application for child support. On October 23, 1965, petitioner and respondent were married at Ticonderoga, New York. They subsequently separated in the late summer or early fall of 1967 shortly after the birth of their second child, James, and during their separation, on April 28, 1969, petitioner gave birth to the child at issue here, Shannon Dana Backus. Almost one and one-half years later, on September 18, 1970, respondent obtained an uncontested divorce from petitioner. With these circumstances prevailing, petitioner commenced the instant proceeding under the Uniform Support of Dependent's Law on August 26, 1976, and in her petition she sought, *inter alia,* support from her former husband for the infant child, Shannon. Following a hearing on this matter in the Family Court of Washington County, the court ruled that respondent was chargeable with the support of Shannon and directed that the matter be rescheduled for the purpose of fixing an order of support. This appeal followed. We hold that the order of Family Court should be affirmed. In this instance we unquestionably have a valid marriage existing at the times of the conception and birth of Shannon, and, consequently, it is presumed that Shannon is legitimate as the child of a married mother. Moreover, though it is rebuttable, this presumption is "one of the strongest and most persuasive known to the law" *(Matter of Findlay,* 253 NY 1, 7), and it "still obtains despite the mother's separation from her husband" *(Matter of Gray v Rose,* 32 AD2d 994, 995) and may be overcome only by evidence that is clear and convincing *(Matter of Irma N. v Carlos A. F.,* 46 AD2d 893). Here; only respondent's uncorroborated testimony indicates that he and petitioner did not engage in sexual relations during the period prior to their divorce when they were separated and Shannon was conceived, and this testimony conflicts with that of petitioner who

testified that the couple frequently reconciled and had sexual relationships during that period. Under these circumstances, the court was plainly justified in concluding that respondent had failed to overcome the strong presumption of legitimacy. Additionally, we cannot agree with respondent's contention that the uncontested divorce judgment which he obtained in 1970 serves to estop petitioner from asserting in the present proceeding that he is Shannon's father. Upon the instant record, it is undisputed that petitioner was never served with the complaint in the divorce action, and she consequently did not appear in that action to establish the existence of Shannon because she was unaware that respondent, though knowing of Shannon's birth, nonetheless asserted in the complaint that there were two children born of the marriage, i.e., Herbert and James. Moreover, resolution of the question of Shannon's paternity was not necessary in the divorce action, and, in fact, the court therein understandably never addressed this issue or made any reference whatsoever to Shannon because of respondent's failure to inform it that petitioner had previously during the marriage given birth to the child. Instead, in the ultimate divorce judgment the court merely provided that jurisdiction of Herbert and James was to be left with Essex County Family Court, and it made no finding that Herbert and James were the only children of the marriage. Under these circumstances, it being clear that the court was not required to and did not reach the issue of Shannon's paternity and, indeed, that it was unable to do so because it was not apprised of Shannon's birth, petitioner is plainly not estopped from litigating that issue here (see *S. T. Grand, Inc. v City of New York,* 32 NY2d 300, mot for rearg den 33 NY2d 658; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65). Order affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.