■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE COUNTY OF ERIE, on Behalf of LOUISE KRAUSE, Appellant, v TIMOTHY P. HAYES, Respondent.—Order unanimously affirmed, without costs. Memorandum: Although respondent admitted having sexual intercourse with the mother about the time of her conception, a witness named Susan Goss testified that during that same period she observed the mother having intercourse with another man, whom the mother admitted previously dating. The witness described the event, the place and surrounding circumstances of such act and named five individuals who observed the mother during some parts of the occasion. Incredible as some of such testimony seems, petitioner did not seek to present any of the named persons to testify in contradiction thereof, and even the mother was not recalled to deny it. Under such circumstances the court was justified in concluding that petitioner had not proved by clear and convincing evidence that respondent is the father of the child (see *Matter of Piccola v Hibbard,* 51 AD2d 674, affd 40 NY2d 1035; *Matter of Edick v Martin,* 34 AD2d 1096). The court correctly denied the commissioner's motion to strike the testimony of Susan Goss as incompetent under section 531 of the Family Court Act, the pertinent provision of which is: "If the respondent shall offer testimony of access by others at or about the time charged in the complaint, such testimony shall not be competent or admissible in evidence except when corroborated by other facts and circumstances tending to prove such access." The rationale for the enactment of that provision is well stated in Boardman's New York Family Law ([1979 ed] § 116.06, n 13.2, p 518) as follows: "The reason for the insertion in § 531 of the requirement for facts and circumstances corroborative of testimony of others that they had access to the complaining witness, appears to be the comparative ease with which an unscrupulous putative father may suborn perjury and obtain equally unscrupulous persons to testify, for a price, that they had had intercourse with the complainant." Because of the inherently private nature of such conduct, when a man testifies that he also had sexual intercourse with the mother during the crucial period, she can only combat it by a denial. The purpose of the statute, however, is not to apply the rule to testimony given by witnesses who state that they saw another having intercourse with the mother, unless it appears that such other person is not

available as a witness. The record does not indicate that any of those named by Ms. Goss were unavailable to testify. (Appeal from order of Erie County Family Court—paternity.) Present—Cardamone, J. P., Simons, Hancock, Jr., Schnepp and Witmer, JJ.