■ In the Matter of DEPARTMENT OF SOCIAL SERVICES, Appellant, v CHARLES L., Respondent. — In a paternity proceeding, the appeal is from an order of the Family Court, Suffolk County, dated August 17, 1979, which dismissed the petition. Order reversed, on the law, and proceeding remitted to the Family Court for a new hearing consistent herewith, with costs to petitioner to abide the event. The Family Court, while accepting the testimony of the child's mother and her witness, nevertheless dismissed the petition because of the absence of medical testimony surrounding the fact of prematurity and the period of gestation, which was alleged to be approximately 217 days. This was error. The court should have granted counsel for the petitioner a brief adjournment to permit him to introduce medical evidence as to prematurity. Since this was not done, the order dismissing the petition must be reversed and the case remitted for further proceedings at which medical evidence may be adduced concerning the alleged prematurity of the child (see *Matter of Gail O. v Van Randolph P.,* 60 AD2d 944; *Matter of Morris v Terry K.,* 60 AD2d 728; *Matter of Kathy "R" v Steven "S",* 47 AD2d 680; *Matter of Suzanne "J" v Russell "K",* 46 AD2d 935; *Matter of Margie "L" v Gary "M",* 46 AD2d 935). Mollen, P. J., Mangano, Margett and Weinstein, JJ., concur.

■ In the Matter of JAMES FOTIS, Appellant, v INCORPORATED VILLAGE OF LYNBROOK et al., Respondents. — In a proceeding pursuant to CPLR article 78, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered January 26, 1979, which dismissed the petition. The appeal brings up for review so much of an order of the same court, entered February 26, 1979, as, upon reargument, adhered to the original determination. Appeal from the judgment dismissed as academic, without costs or disbursements. The judgment was superseded by the order granting reargument. Order affirmed insofar as reviewed, without costs or disbursements. No opinion. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.

■ In the Matter of SYLVIA H., Appellant. — Appeal from an order of the Family Court, Nassau County, entered September 12, 1979, which, upon an adjudication that appellant was a juvenile delinquent in that she committed an act, which if done by an adult, would constitute the crime of escape in the second degree, placed her in the custody of the Division for Youth, Title III. Order reversed, on the law, without costs or disbursements, and petition dismissed. A person in need of supervision who runs away from a Title II nonsecure facility in which she has been placed cannot, solely by virtue of that act, be adjudicated a juvenile delinquent in that she committed an act, which if done by an adult, would constitute the crime of escape in the second degree (see *Matter of Freeman,* 103 Misc 2d 649; cf. *State in Interest of M. S.,* 73 NJ 238). Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.