◼ In the Matter of STANLEY J. KIMIECIK, On Behalf of TAMMIE QQ., Respondent, v MARK RR., Appellant. — Appeal from orders of the Family Court of Chenango County (Ingraham, J.), entered May 22, 1981 and July 2, 1981, which adjudicated respondent to be the father of twins born on April 16, 1980, and directed respondent to pay support. This proceeding was commenced by a public welfare official of Chenango County seeking to establish respondent's paternity and require him to support twins born on April 16, 1980. At trial, the mother of the children testified that on one occasion between August 20 and August 25, 1979, she met respondent and they engaged in two acts of sexual intercourse. On October 11, 1979, she was found to be eight weeks pregnant by Dr. Errol Jacobi, who also testified that the gestation period was 34 weeks due to the delivery of twins. Petitioner denied having sexual relations with others during August and September, 1979. Respondent admitted the two acts of intercourse; however, he testified that the acts of intercourse did not occur until September 8, 1979. Other witnesses for both parties also testified at the trial. Family Court adjudged respondent to be the father of the twins. This appeal ensued. On appeal respondent asserts that the proof did not meet the strict standard required in a paternity proceeding. In this regard, it is well established that paternity must be proved to the point of entire satisfaction by clear and convincing evidence (*Matter of Lopez v Sanchez,* 34 NY2d 662; *Matter of Morris v Terry K.,* 60 AD2d 728). In this case there is a

conflict of testimony, presenting an issue of credibility. Appellate courts are reluctant to reverse a trial court on findings based on credibility since the trier has the advantage of seeing and hearing the witness firsthand (*Matter of Morris v Terry K., supra*). Accordingly, since the record fails to reveal any circumstances which would lead us to conclude that Family Court improperly assessed the witnesses' credibility, its determination must be affirmed (*Matter of Van Dusen v Hulslander*, 69 AD2d 962; *Matter of Gail O. v Van Randolph P.*, 60 AD2d 944). Finally, respondent contends that results of a Human Leucocyte Antigen (HLA) test were improperly considered by Family Court. This argument is without merit since respondent entered into a stipulation in which he consented to the use of this test. Orders affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Levine, JJ., concur.