## (March 11, 1982)

■ In the Matter of DENISE UU., Respondent, v FRANK VV., Appellant. — Appeal from an order of the Family Court of Ulster County (Elwyn, J.), entered June 18, 1980, which adjudicated respondent to be the father of the petitioner's child. The sole issue on this appeal is whether petitioner met the requisite burden of proving that respondent was the father of her child, born December 13, 1978, "to the point of entire satisfaction by clear and convincing evidence" (*Matter of Morris v Terry K.,* 60 AD2d 728, revd of other grounds 70 AD2d 1031; *Matter of Kathy L. R. v Steven S.,* 52 AD2d 974; *Matter of Morris v Canfield,* 19 AD2d 942). Petitioner testified that the parties had known each other almost all of their lives, their respective parents having been close personal friends. They began having sexual relations in October, 1977, and between January and June, 1978, intercourse took place almost weekly on Thursday mornings between the hours of 10:00 and 11:30. Petitioner had her last full menstrual period in early March. She informed respondent that she was pregnant in June, 1978, after which they ceased seeing each other. Respondent admitted having intercourse with petitioner, but on only one occasion in early January, 1978, and he stated that within a week thereafter petitioner informed him that she was pregnant. He further testified that he was enrolled in high school for the full spring 1978 semester and was in

regular attendance at classes during the Thursday morning hours that petitioner alleged he spent at her home when intercourse took place. The defense did not introduce any admissible evidence of access by others. Respondent's evidence essentially was directed toward attacking petitioner's credibility and suggesting that she was promiscuous. Various witnesses personally related to respondent described a romantic attachment between petitioner and another named male. Another witness, who described himself as an "acquaintance" of both parties, testified that in *1977* petitioner was already pregnant, and that on one occasion, while sitting in a bar among a group of people including petitioner, he was shown a picture of two undressed persons in a compromising position and thought he recognized petitioner as one of them. The Family Court Judge correctly characterized the case as one in which resolution of the credibility of the witnesses is determinative. Petitioner's testimony was largely unshaken on cross-examination and was consistent as to the birth of the child after a normal period of gestation. A medical expert confirmed that impregnation could have occurred as a result of the manner in which petitioner described relations took place. On the other hand, respondent's school attendance records tended to show frequent absences from classes or school during the spring 1978 semester, including the mornings when petitioner said he frequented her home, contrary to respondent's unqualified assertion of his regular attendance. The testimony by respondent's witnesses concerning a relationship between petitioner and another named male was rebutted by that individual's own testimony that he never once had been alone in petitioner's company. The compromising photograph of petitioner was never produced at the trial, and the trial court need not have credited the testimonial description of it, which was vague and improbable, particularly in view of that witness' supposed awareness of petitioner's pregnancy in 1977, the year before it actually took place. The testimony of witnesses other than the parties, basically addressed to issues of credibility or collateral in nature, was not so crucial or persuasive as to have required the court to make its determination on a basis other than deciding which of the two parties was telling the truth. The fact that petitioner's testimony on paternity was sharply and directly disputed by respondent does not necessarily mean that it failed to satisfy the requirement that her evidence be clear and convincing to the point of entire satisfaction. As we stated in *Matter of Morris v Terry K.*, 60 AD2d 728, 729, *supra*): "Since parties are usually discreet in performing acts of intercourse, the proof often necessarily rests on the testimony of the mother. Such testimony may be sufficient to satisfy the court of paternity. In the case at bar, there is nothing more than a direct conflict of testimony, presenting an issue of credibility. Appellate courts are reluctant to reverse a trial court on findings based on credibility since the trier has the advantage of seeing and hearing the witnesses firsthand [citations omitted]. In the absence of any circumstances which would lead us to conclude that the Family Court improperly assessed the witnesses' credibility, we would affirm." For similar reasons, we affirm here. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Main and Levine, JJ., concur.