■ In the Matter of JAMES R. VAN ALSTYNE, as Commissioner of Social Services of Columbia County, on Behalf of PENNY ANN P., Respondent, v DAVID Q., Appellant. — Appeal from an order of the Family Court of Columbia County (Zittell, J.), entered April 22, 1982, which adjudicated respondent to be the father of a child born out of wedlock. Following a hearing initiated by petitioner, respondent was adjudicated to be the father of Deborah P., born August 2, 1974 to 16-year-old unmarried Penny Ann P. Although the sparse record shows that the entire evidence before the Family Court was the mother's testimony, we must affirm in the absence of any evidence in opposition to the adjudication. The mother testified to sexual participation with respondent within the time frame of her pregnancy; that she had no other

sexual activity with anyone, and that he allegedly admitted to her that he was the child's father. Respondent did not cross-examine the witness and rested his case without offering any proof. In paternity proceedings, paternity must be established to the point of entire satisfaction of the court by clear and convincing evidence (*Matter of Lopez v Sanchez*, 34 NY2d 662; *Matter of Linda WW v William XX*, 69 AD2d 918). On appeal, the record must be carefully scrutinized to determine whether the standard of proof has been met (*Matter of Renee G. v William H.*, 46 AD2d 823, affd 39 NY2d 812). Appellate courts are reluctant to overturn findings of fact based on the credibility of a witness or to substitute their judgment for that of the trial court (*Matter of Morris v Terry K.*, 60 AD2d 728, 729). On this record, in which petitioner's "bare bones" proof of paternity is uncontroverted, we must affirm the findings of the trial court on that issue. In the absence of any proof whatsoever by respondent, the strongest inferences from the proof may be drawn against him (*Matter of O'Connor v Sanford*, 72 AD2d 884; *Matter of Jay v Andrew "Y"*, 48 AD2d 716). Respondent argues that the petition must be dismissed because the proof failed to show that the mother or her child is or is likely to become a public charge, which is the predicate upon which a public welfare official may commence paternity proceedings (Family Ct Act, § 522). The record is devoid of any testimony or other evidence to support the allegation that the mother and/or child is, or is likely to become a public charge. A motion to dismiss the petition under CPLR 3211 (subd [a], par 3), based upon the fact that the party asserting the cause of action has no legal capacity to sue, would, in the absence of proof, have been properly granted. Respondent failed to make such motion during or at the conclusion of the trial, raising it for the first time in his brief on this appeal. This court has consistently held that matters not raised below will not be considered for the first time upon appeal (*Wagner v Town of Ticonderoga*, 88 AD2d 1011; *Board of Trustees of Vil. of Lansing v Pyramid Cos.*, 51 AD2d 414, 416). Respondent's remaining argument attacks the constitutionality of the 10-year Statute of Limitations in subdivision (b) of section 517 of the Family Court Act as a denial of equal protection under the Fourteenth Amendment. A public welfare official is authorized to institute paternity proceedings (under authority of Family Ct Act, § 522), within 10 years after the birth of a child, whereas subdivision (a) of section 517 limits the time for commencement of such proceedings by a mother to two years after birth. Respondent further contends that this proceeding, brought more than seven years after the birth, creates an insurmountable burden of producing proof in his defense. Petitioner contends that respondent lacks standing to contest the constitutional issue, citing *Matter of McConnell v Coveney* (54 AD2d 769), because his interest is not of the type cognizable under the standing doctrine (*Matter of Urban League of Rochester v County of Monroe*, 49 NY2d 551; *Boryszewski v Brydges*, 37 NY2d 361). We reject this argument because a distinction between respondent's position and those of the litigants in the cited cases is clearly discernible. In viewing respondent's argument, we recognize initially the strong presumption of the constitutionality of statutes, and that this can only be upset by proof persuasive beyond a reasonable doubt (*Hotel Dorset Co. v Trust for Cultural Resources of City of N.Y.*, 46 NY2d 358, 370). This presumption attaches despite some inequalities, so long as the discrimination is based upon reasonable facts which justify it (*Dandridge v Williams*, 397 US 471, 485; *McGowan v Maryland*, 366 US 420, 425-426). Here, since paternity statutes are intended, *inter alia*, to protect public funds, welfare officials are to be given the widest latitude to establish paternity of illegitimate children who are, or are likely to become, public charges (*Matter of Commissioner of Social Servs. of City of N.Y. v Oliver P.*, 97 Misc 2d 957, 959). Both the paramount interest in preserving

public funds, and potential delays before a public official gains sufficient information to commence a paternity proceeding, justify the longer Statute of Limitations. Long before the enactment of subdivision (b) of section 517 of the Family Court Act which reduced the limitation of time from 16 to 10 years, the Court of Appeals upheld the statute (*Commissioner of Public Welfare v Simon,* 270 NY 188). The classification difference rests upon grounds relevant to the achievement of the State's objective and thus does not offend constitutional safeguards (see *Matter of Mores v Feel,* 73 Misc 2d 942, 944-947). Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.