■ In the Matter of NEW YORK STATE CRIME VICTIMS COMPENSATION BOARD, Appellant, v DORIS JOHNSON, Respondent. — Judgment of the Supreme Court, Kings County, dated November 24, 1981, affirmed, without costs or disbursements, for the reasons stated in the opinion of Justice Lodato at Special Term. Gulotta, J. P., O'Connor, Bracken and Brown, JJ., concur.

■ In the Matter of JOHN B. WINGATE, as Commissioner of Department of Social Services, Respondent, v BENJAMIN P., Appellant. — In a paternity proceeding pursuant to article 5 of the Family Court Act, the appeal is from an order of the Family Court, Orange County (Mazzeo, J.), dated July 10, 1980, which, *inter alia,* adjudged the appellant to be the father of the child and set child support at $5 per week. Order reversed, on the law and the facts, without costs or disbursements, and petition dismissed. Appellant contends that petitioner failed to prove paternity to the point of entire satisfaction by clear and convincing evidence (see *Matter of Linda WW v William XX,* 69 AD2d 918; *Phillips v Broadwell,* 63 AD2d 840). We agree. The child's mother testified, as a witness for petitioner, that she met appellant at the end of February or the beginning of March of 1978 and that she had sexual intercourse with him approximately two days to one week later. Although the record is unclear as to the exact date on which sexual intercourse first occurred, we find that March 1, 1978 is a fair approximation, consistent with the evidence presented at trial, of such date. Assuming, then, that conception occurred at the earliest on March 1, 1978, the gestation period was just 220 days from the date of conception to the date of delivery. The normal period of human gestation is 266 days (*Matter of Morris v Terry K.,* 60 AD2d 728; *Matter of Kathy L. R. v Steven S.,* 52 AD2d 974). Absent expert medical testimony to explain the substantial deviation from the norm, and absent any proof that the child was born prematurely, the proof of paternity is not satisfactory (see *Matter of Morris v Terry K., supra; Matter of Kathy "R" v Steven "S",* 47 AD2d 680). The length of the period between the first act of intercourse and the date of the child's birth in the case at bar, fell far short of the normal period of gestation. Titone, J. P., Lazer, Thompson and Weinstein, JJ., concur.