◼ In the Matter of TERESA A. RILEY, Appellant, v ANTHONY J. BENWARE, Respondent. — Order unanimously reversed, without costs, and matter remitted to Jefferson County Family Court for further proceedings, in accordance with the following memorandum: The child who is the subject of this paternity proceeding was born on March 29, 1982. Petitioner testified that she had an ongoing sexual relationship with respondent from March, 1980 through June 1981, and that their last act of sexual intercourse occurred on one of the last three days of June, 1981. Respondent admitted the sexual relationship, but claimed that it ended in March, 1981. Certain medical records were received in evidence but no expert medical testimony was offered.

The Family Court Judge ruled that in the absence of expert medical opinion, a finding of paternity could be made only if the period of gestation was approximately 266 days from conception to birth. He concluded from the medical records that the pregnancy was of normal term and, using a 266-day period, he measured back from the date of birth and concluded that conception occurred in July, 1981 when respondent had no access to petitioner. On finding that it was thus impossible for respondent to have fathered the child, the court rejected the results of the HLA test. We reverse and order a new hearing.

While we agree that the usual period of gestation from impregnation to birth is 266 days (*Matter of Erie County Comr. of Social Servs. v Boyd*, 74 AD2d 728), the range of normal allows for some flexibility (see, e.g., *Matter of Commissioner of Social Servs. v Gibson*, 78 AD2d 981, affd 55 NY2d 681; *Matter of Morris v Terry K.*, 70 AD2d 1031). Here, petitioner testified to having intercourse with respondent as near as 272 days before

the child's birth. Since such a time period is not necessarily beyond the normal range of pregnancy, it was error for the court not to consider the results of the HLA test. That test has been given an affirmative role in determining paternity (Family Ct Act, § 532; *Matter of Commissioner of Social Servs. of County of Erie v O'Neil,* 94 AD2d 480) and we have consistently placed reliance upon its accuracy (*Matter of Commissioner of Social Servs. of County of Erie v Stephen H.,* 94 AD2d 936; *Matter of Bowling v Coney,* 91 AD2d 1195; *Matter of Sherry K. v Carpenter,* 90 AD2d 687).

Although this court is empowered to decide the issue of paternity (*Matter of Bowling v Coney, supra*), we think it inappropriate to do so here. Family Court did not fully assess petitioner's credibility as to key elements of her testimony and made no assessment of the credibility of petitioner's corroborating witness or of respondent. Evaluations of credibility are best left to the trier of fact (*Matter of Gail O. v Van Randolph P.,* 60 AD2d 944). Moreover, it may be that at a new hearing, expert medical testimony will be helpful in determining the time of conception (see *Matter of Department of Social Servs. v Charles L.,* 78 AD2d 875). (Appeal from order of Jefferson County Family Court, Gilbert, J. — paternity.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.