■ In the Matter of RICHARD H. DUQUETTE, as Commissioner of Social Services of Clinton County, on Behalf of TINA EE., Respondent, v EDWARD FF., Appellant. — Appeal from an order of the Family Court of Clinton County (Goldman, J.), entered December 20, 1983, which adjudicated respondent to be the father of petitioner's child.

This paternity proceeding was commenced by the Commissioner of Social Services of Clinton County on behalf of unmarried Tina EE., who will be referred to as petitioner. After a hearing, respondent was found to be the father of petitioner's daughter, who was born on December 20, 1981. Respondent appeals from this determination, contending that petitioner failed to prove that he was the father by clear and convincing evidence.

At the hearing, petitioner testified that in mid to late February, 1981, she ran out of birth control pills and, because she did not replenish her supply, stopped using the pills. It was about this time that petitioner experienced her last menstrual period until after the birth of the baby. In the first week of March, petitioner engaged in sexual intercourse with a man on one occasion. Petitioner further testified that a condom was used to prevent pregnancy and that, after intercourse, she observed the condom to be intact. In the third week of March, or perhaps early in April according to respondent's testimony, petitioner had sexual intercourse with respondent. No birth control device was used, although respondent testified that petitioner told him she was taking birth control pills. In later conversations with respondent and while testifying under oath at the hearing, petitioner stated that she was not using birth control pills at the time she had intercourse with respondent. Petitioner also testified that she had sexual intercourse with respondent a second time sometime in May or June, 1981, but respondent denied such. Petitioner further denied having intercourse with anyone else until the summer of 1981 when she had intercourse with a

boyfriend with whom she was then living. Without objection and pursuant to stipulation, petitioner introduced into evidence a human leucocyte antigen (HLA) test, which demonstrated a 91% probability that respondent is the father of the child.

Petitioner was required to prove that respondent is the father of her daughter by clear and convincing evidence (see, e.g., *Matter of Wayne County Dept. of Social Servs. v Williams,* 63 NY2d 658, 660; *Matter of Van Alstyne v David Q.,* 92 AD2d 971, 972). We are of the view that petitioner sustained her burden. The record clearly reveals that petitioner and respondent performed sexual intercourse without using any form of birth control at a time which is consistent with the birth of the baby in December, 1981. The results of the HLA test, indicating a 91% probability that respondent is the father, make it "likely" that respondent is indeed the father (1 Schatkin, Disputed Paternity Proceedings [4th ed], § 8.13 [Aug., 1984 supp], p 116; see *Matter of Otsego County Dept. of Social Servs. v Raymond G.,* 103 AD2d 919; see, also, *Matter of Sherry K. v Carpenter,* 90 AD2d 687). Although it is true that petitioner had intercourse with a male other than respondent at a time which may be consistent with the birth of the baby in December, 1981, the fact that a condom, which was intact after intercourse, was used belies the possibility that the other male could be the father (see *Matter of Renee G. v William H.,* 46 AD2d 823, affd 39 NY2d 812). Taking these facts together (see *Department of Social Servs. [Janet R.] v Kenneth S. N.,* 120 Misc 2d 453; 1 Schatkin, Disputed Paternity Proceedings [4th ed], § 8.18 [Aug., 1984 supp], pp 175-177), and keeping in mind that just because another conclusion is possible does not mean that a petitioner has failed to carry the burden required of her in a paternity proceeding (*Matter of Linda WW v William XX,* 69 AD2d 918), we conclude that the petition has been proved by clear and convincing evidence and Family Court properly found that respondent was the father of petitioner's daughter. We reject respondent's claim that the Clinton County Department of Social Services has acted unconscionably, for the record does not reveal anything to support respondent's contention in this regard.

Order affirmed, without costs.

Main, J. P., Mikoll, Yesawich, Jr., and Levine, JJ., concur; Harvey, J., not taking part.