■ In the Matter of PENNY MM., Respondent, v BRUCE MM., Appellant.—Weiss, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered October 30, 1984, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of petitioner's child.

The parties were married in 1972 and subsequently separated in March of 1982. During their separation, on March 28, 1983, petitioner gave birth to a daughter. On March 12, 1984, the parties were divorced. Following a hearing in the instant paternity proceeding, respondent was adjudicated to be the father of the child. This appeal ensued.

Despite the fact that the parties were no longer living together at the time of the conception and birth of the child, it is unquestionable that a valid marriage existed between the parties, giving rise to a presumption of legitimacy (see, Matter of Findlay, 253 NY 1; Matter of Backus v Backus, 72 AD2d 893; Matter of Orange v Rose, 31 AD2d 715). This presumption is rebuttable only on the basis of clear and convincing proof (Matter of Backus v Backus, supra). At the hearing, petitioner testified that she and respondent maintained contact after their March 1982 separation, and engaged in intercourse several times during late June and on the morning of July 5, 1982. She further testified that, once he became aware of her pregnancy, respondent purchased maternity clothes for her and other items for the baby, sent her flowers at the hospital after the baby was born, and, shortly thereafter, visited the

baby to take her picture. Respondent does not dispute this conduct. Respondent also concedes that he was at petitioner's home on July 5, 1982, but denies that they engaged in intercourse at that time. Respondent further admits that he visited with petitioner after their separation and that they engaged in intercourse in May of 1982. Respondent's suggestion that petitioner was involved with another male was rebutted by that individual's testimony denying intercourse with petitioner. In addition to the foregoing testimony, petitioner submitted the results of a human leucocyte antigen (HLA) blood tissue test, a red cell blood test and a combined paternity index indicating that paternity was "very likely"* (cf. Matter of Kathleen EE. v Kevin FF., 111 AD2d 1046).

In our view, respondent failed to overcome the strong presumption of legitimacy (see, Matter of Backus v Backus, supra). The record clearly establishes access on July 5, 1982, and the conflict in testimony as to whether the parties engaged in intercourse on that date simply presented a credibility issue for Family Court to resolve. We find no plausible reason to disturb the court's determination (see, Matter of Kimiecik v Mark RR., 86 AD2d 953, 954, lv denied 56 NY2d 505). Moreover, the evidence demonstrated respondent's paternity "to the point of entire satisfaction by clear and convincing evidence" (Matter of Morris v Terry K., 60 AD2d 728, 728-729, revd on other grounds 70 AD2d 1031; see, Matter of Jane PP. v Paul QQ., 65 NY2d 994, revg 108 AD2d 1050; Matter of Denise UU. v Frank VV., 87 AD2d 686). Petitioner's testimony was consistent with both a normal period of gestation and the results of the HLA test. No convincing evidence was presented to show that anyone else had access to petitioner during the relevant time frame (cf. Matter of Jane PP. v Paul QQ., supra). We find ample support for the determination of paternity and, accordingly, affirm.

Order affirmed, with costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.

---

* While respondent objected to the admission of the combined paternity index, no similar objection has been raised on this appeal. In any event, the HLA test established a possibility of paternity rating of 94.85%, which Family Court could properly consider in making its determination (see, Matter of Department of Social Servs. v Thomas J. S., 100 AD2d 119, 124-125, appeal dismissed 63 NY2d 675; cf. Matter of Kimiecik v Jesse U., 111 AD2d 976, 977).