■ In the Matter of STEPHEN W. WARNE, Respondent, v SUSAN L. WARNE, Appellant.—Weiss, J. Appeal from an order of the Family Court of Broome County (Dickinson, Jr., J.), entered November 7, 1985, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for visitation with his son.

The parties were married in June 1975 and divorced in August 1981. There are two offspring of the union: Nicole, born September 10, 1977, and Jason, born February 3, 1980.

In late 1984, petitioner filed a petition in Family Court against respondent, his former wife, seeking visitation privileges with Jason.* After a hearing, Family Court granted the petition to the extent of authorizing visitation with Jason on the last Saturday of each month from 12:00 noon until 6:00 P.M. Respondent has appealed.

On this appeal, respondent initially maintains that Family Court erred in denying her request to have petitioner submit to a blood test for purposes of excluding his claim of paternity. First and foremost, while the briefs do indicate that respondent's request for a court-ordered blood test was discussed at a pretrial conference, there is nothing in the record before us to show the specifics of the request or the court's response. Since the issue was not properly presented on the record, and no actual ruling was made (see, CPLR 5501 [a] [3]), we need not consider it for the first time on appeal (see, Board of Trustees v Pyramid Cos., 51 AD2d 414, 416). In any event, the denial of such a request in the context of a visitation proceeding would not be inappropriate (see, State of New York ex rel. H. v P., 90 AD2d 434; Lory v Lory, 119 Misc 2d 205; Matter of Virginia E.E. v Alberto S.P., 108 Misc 2d 565), particularly where as here, a valid marriage existed at the time of conception and birth, giving rise to a presumption of legitimacy (see, Matter of Penny MM. v Bruce MM., 118 AD2d 979). If the parties be so advised, the status of the child is more appropriately the subject of a declaratory judgment action in Supreme Court or a paternity proceeding in Family Court where a full resolution may be made (see, Matter of Sharon GG. v Duane HH., 95 AD2d 466, affd 63 NY2d 859).

We further find no abuse of discretion in the limited award of visitation made. There is no dispute that each party is fit to care for Jason and can provide acceptable living accommodations. The essence of respondent's objection is that petitioner is not the child's natural father and, in any event, has abandoned his interests in the child. Moreover, petitioner testified that the parties had sexual relations during the relevant conception period, he was listed as the father on Jason's birth certificate, and received Christmas and Father's Day cards signed by respondent on behalf of both children. Despite respondent's conflicting testimony, it is plainly evident that the strong presumption of legitimacy has not been rebutted (see, Matter of Penny MM. v Bruce MM., supra).

---

* Petitioner enjoys liberal visitation privileges with Nicole, and no controversy in that regard exists herein.

As the natural parent, petitioner is entitled to reasonable visitation privileges, absent extraordinary circumstances *(see, Weiss v Weiss,* 52 NY2d 170, 175; *Matter of Heyer v Heyer,* 112 AD2d 539, 540). The testimony contrasts sharply on the question of abandonment. Petitioner testified that he visited with Jason on a weekly basis while exercising his visitation privileges with Nicole; that he provided both children with gifts on their birthdays and at Christmas; that he would include Jason in certain activities with Nicole; and that Jason would infrequently spend an overnight with him. He further indicated that respondent rejected his request for regular visitation with Jason in 1983, a fact respondent admits. Respondent's testimony, and that of various witnesses on her behalf, essentially refutes petitioner's assertions of contact with Jason. Respondent maintained that petitioner had virtually no interaction with Jason, never exercised visitation or overnight privileges, never provided support and has provided gifts for the child only since the filing of the instant petition. In light of the divergent testimony presented, we find that Family Court properly determined that, in the best interest of the child, a limited period of visitation was appropriate *(see, Twersky v Twersky,* 103 AD2d 775; *Matter of Wright v Wright,* 88 AD2d 1008). While petitioner's contact with Jason has been less than that required for the nurturance of a father-son relationship, Family Court could readily rule out the contention of abandonment and authorize an opportunity for limited visitation.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.