MIDDLESEX COUNTY BOARD OF SOCIAL SERVICES, ON BEHALF OF Y.G., PLAINTIFF–APPELLANT, v. G.G., DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted November 27, 1989—Decided December 20, 1989.

Before Judges PETRELLA, O'BRIEN and HAVEY.

*Convery, Convery & Shihar,* attorneys for appellant (*Simon L. Kaufman,* on the brief).

*Durek & Harth,* attorneys for respondent (*William T. Harth, Jr.* on the letter brief).

PER CURIAM.

The Middlesex County Board of Social Services (County Board) on behalf of Y.G. appeals from the dismissal of its complaint which had alleged that defendant, G.G., was the

father of a daughter born to Y.G.[1]  The Family Part Judge concluded that the County Board had failed to prove paternity.

On its appeal the County Board asserts that the judge erred in requiring it to establish paternity by clear and convincing evidence rather than by a mere preponderance.  It also argues that the judge erred in not finding that G.G. was the father of T.M.G. by either a preponderance of the evidence or by clear and convincing evidence.

In a bench trial the judge heard evidence of the fact that Y.G. first met G.G., the alleged father, during a party in November 1982, and later that same evening they engaged in sexual intercourse.  Thereafter they continued to see each other anywhere from once a week to once a month until November 1984, except for the period between May 1983 until July 1984 when Y.G. lived with one Jose C. and gave birth to his illegitimate child on February 12, 1984.

Y.G. became pregnant sometime in July or August 1984.  She testified that for three months before and after that period she did not have sexual relations with anyone other than G.G.  When she informed G.G. in October or November 1984 that she was pregnant he became very angry and terminated the relationship.  A baby girl, T.M.G., was born on April 19, 1985.  G.G. never acknowledged her as his child.

In addition to the testimony at the January 24, 1989 trial, the judge considered the results of blood tests taken and analyzed by two independent private testing laboratories.  The first of two separate Human Leukocyte Antigen (HLA) tests performed by Roche Biomedical Laboratories yielded a probability of paternity of 62.96%.  The second test yielded a probability of paternity of 48.97%.  There was also an exhibit at trial with respect to the blood test report submitted on behalf of defendant and performed by Clinical Testing and Researching, Inc.

---

[1] It is merely a coincidence that the different last names of Y.G. and G.G. have the same initial.

(CTR) which showed a cumulative probability of paternity of 68.45%. CTR's Director of Genetics combined the test results of the Roche and CTR reports and produced a report showing an updated cumulative paternity index and probability of 68.5%. Although G.G. could not be excluded as the biological father based on the results of these tests, ABA–AMA guidelines referred to in the evidence state that a likelihood of paternity percentage of less than 80% is regarded as "not useful" in determining parentage. G.G. was not excluded as the father by the test results, see *N.J.S.A.* 9:17–51(e), although we recognize that the percentage on the HLA test is substantially lower than the 80% threshold figure ordinarily used as the minimum standard to establish reliability. See also *N.J.S.A.* 9:17–52(c).

The judge compared the physical features of G.G. and T.M.G. (then about three years, nine months old), and noted that there were no significant features shared between them with respect to their ears, noses, and hair.

Although there was confusion at the trial as to whether plaintiff had to prove the case by the burden of "clear and convincing" or "preponderance of the evidence," the judge concluded that based on the evidence before him, plaintiff had not demonstrated by clear and convincing evidence that G.G. was the father.

Under the "New Jersey Parentage Act," *N.J.S.A.* 9:17–38 *et seq.*, enacted in 1983, the burden of proof standard is specified as that of preponderance of the evidence with respect to paternity actions where no presumptions apply. *N.J.S.A.* 9:17–43d. No party brought this statutory provision to the attention of the trial judge. Indeed, this section of the statute was not cited in any of the briefs on this appeal. Such a statutory standard has been upheld as complying with the due process clause in *Rivera v. Minnich*, 483 *U.S.* 574, 107 *S.Ct.* 3001, 97 *L.Ed.*2d 473

(1987), in construing a Pennsylvania statute.[2] The "clear and convincing" standard is specified in order to rebut certain statutory presumptions of parentage. See *N.J.S.A.* 9:17–43b.

Prior to the 1983 Parentage Act we held in two reported decisions that the preponderance standard is appropriate in paternity proceedings. See *F. v. M.*, 96 *N.J.Super.* 335 (App. Div.1967), certif. den. 50 *N.J.* 300 (1967); *I. v. D.*, 60 *N.J.Super.* 211 (App.Div.1960). However, more recently a trial court held that under the prior statute (*N.J.S.A.* 9:17–12, now repealed) the proper standard to be applied in such cases is that of clear and convincing evidence. See *J.H. v. M.H.*, 177 *N.J.Super.* 436 (Ch.Div.1980).[3]

In *I. v. D., supra,* we considered the reversal on a trial *de novo* appeal to the then County Court of a municipal court finding of paternity. The County Court judge on the appeal held that the plaintiff had failed to carry the burden of proving by a preponderance of the evidence that the defendant was the father. We reversed and remanded to allow the putative father a new trial and commented in passing that proof of paternity did not require proof under the beyond a reasonable doubt standard, but only proof by a fair preponderance of the evidence. (60 *N.J.Super.* at 217). Our review was limited to the determination that the judge was mistaken on the trial *de novo* appeal in concluding that paternity had not been proven by a preponderance of the evidence. We did not consider the potential applicability of a "clear and convincing" standard.

---

[2]For a discussion of the preponderance standard as it applies to "the general run of issues in civil cases," see *McCormick, Evidence,* § 339 at 956 (1984).

[3]The more stringent "clear and convincing" standard has been applied in various civil paternity actions by other states. See, *e.g., In re Wayne County Department of Social Services v. Williams,* 63 *N.Y.2d* 658, 660, 479 *N.Y.S.2d* 523, 468 *N.E.2d* 705 (1984); *E.E. v. F.F.,* 483 *N.Y.S.2d* 748 (1984). A proof beyond a reasonable doubt standard was applied in *Jones v. Robinson,* 229 *Va.* 276, 329 *S.E.2d* 794, 800 (1985).

In *F. v. M., supra,* we again affirmed a finding of paternity against a challenge based on the weight of the evidence as well as the statutory provision that a jury could reach its verdict by a five-sixth vote.

We concluded in *F. v. M.* that a filiation or paternity proceeding falls within the denomination of a civil or *quasi*-civil case, rather than one which is criminal or *quasi*-criminal, and thus a unanimous verdict by a jury was not required. Hence, we relied on *I. v. D.* and again did not consider the potential applicability of a "clear and convincing" standard.

We need not determine if *J.H. v. M.H., supra,* correctly applied the "clear and convincing" test as the applicable burden in paternity cases before the enactment of the 1983 statute. Although there may well be a reasonable argument for then using that standard, the Legislature in 1983 made the express determination in favor of the preponderance of the evidence standard by the enactment of *N.J.S.A.* 9:17–43d. The courts must apply that standard in the absence of the existence of one of the presumptions in *N.J.S.A.* 9:17–43 or of a constitutional infirmity.

In view of the fact that the judge applied the wrong burden of proof a remand to the trial court to reconsider his decision in light of the preponderance of the evidence standard is required. The judge may in his discretion take additional evidence or may decide the issue based on the record.

Reversed and remanded for further proceedings consistent with this opinion.