■ CARMEN RODRIGUEZ, Appellant, v GILBERT RODRIGUEZ, Respondent. MARGARET HEIEK, Appellant, v ALLAN HEIEK, Respondent.—Judgment, Supreme Court, Bronx County, entered October 12, 1979, unanimously reversed, on the law, to the extent appealed from and custody of the two children of the marriage awarded to plaintiff, without costs and without disbursements. Judgment, Supreme Court, Bronx County, entered September 21, 1979, unanimously reversed, on the law, to the extent appealed from and custody of the child of the marriage awarded to plaintiff, without costs and without disbursements. In these two divorce actions, wherein plaintiffs specifically sought an award of custody of the issue of their respective marriages, Trial Term did not determine the issue of custody. In the Rodriguez action, the defendant husband appeared, admitted service of the summons which stated that the plaintiff wife was seeking a judgment of divorce and an award of custody of their two children, waived service of all further papers and *consented* to the entry of judgment. In the Heiek action, the defendant husband failed to appear and has *defaulted.* While finding both plaintiffs entitled to a divorce, Trial Term unaccountably deleted the provision in each of the two respective submitted judgments which provided for the granting of custody of the issue of the marriage to the plaintiff. Section 240 of the Domestic Relations Law provides, in pertinent part: "In any action * * * for a divorce * * * the court *must* give such direction, between the parties, *for the custody* * * * of any child of the parties, as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties and to the best interests of the child" (emphasis supplied). The mandatory aspect denoted by the use

of the word "must" requires that the court properly exercise its broad discretion respecting the issue of custody and that it may not refrain from exercising such discretion. The mere striking out of the provisions of the submitted judgments which granted custody to the plaintiffs by Trial Term, without any basis being set forth by the court for its action, whether in a decision or in some other judicially acceptable fashion, constitutes, on this record, a refusal to exercise the discretion mandated by the statute. Under the circumstances presented by the records herein, nothing is shown which would warrant a delay in determining the custody issue, as requested by the plaintiffs. Accordingly, the stricken provisions awarding custody of the issue of the respective marriages to the respective plaintiffs are reinstated. Concur—Murphy, P. J., Kupferman, Sandler, Lupiano and Lynch, JJ.