In the Matter of STEPHEN G. GRAYMAN, Respondent, v ELEANOR M. HESSION, Appellant.

Third Department, January 7, 1982

**APPEARANCES OF COUNSEL**

*Paul T. Kellar* for appellant.

*Nicholas D. Morsillo* and *Gary Peck* for respondent.

**OPINION OF THE COURT**

KANE, J.

Petitioner, a "practicing" Jew, married respondent, a "nonpracticing" Catholic, in 1971. A son was born in 1972. In 1974, the parties were divorced with custody of the child being awarded to respondent.

In November, 1979, petitioner filed papers seeking custody of his son. Following two hearings, Family Court denied petitioner's application for a change of custody and directed that further proceedings be held to resolve visitation issues.

Following a third hearing, Family Court issued the order challenged here which, *inter alia,* directed respondent to enroll her son in an after-school Hebrew school and awarded liberal visitation privileges to petitioner.

It is well settled that the best interests of the child are the foremost consideration in a custody proceeding (Domestic Relations Law, §§ 70, 240; *Matter of Nehra v Uhlar,* 43 NY2d 242, 246) and that the Family Court is vested with discretion in reaching such determination *(Matter of Darlene T.,* 28 NY2d 391, 395) and in adjudicating related matters such as "care, education and maintenance" of the child (Domestic Relations Law, § 240, subd 1; see, also, *Rodriguez v Rodriguez,* 79 AD2d 550).

Given that respondent either consented to or acquiesced in the religious training the child has undergone since birth, that in the absence of such continued training the child will receive no religious training, that respondent's recent move to Long Island seriously hinders petitioner's ability to continue his frequent visitations and religious training of his son, and that both the Law Guardian and investigating caseworker recommended the continuation of the child's religious education, we conclude that the best interests of the child lie in his continued involvement in a course of Jewish religious education (see *Robert O. v Judy E.,* 90 Misc 2d 439).

Further, upon consideration of the examining psychologist's opinion that the child's "quite good adjustment is probably due largely to the fact that he has experienced a positive and loving relationship with both parents which has continued in a fairly stable fashion despite their * * * divorce" and the fact that petitioner has enjoyed liberal visitation rights in the past, it is clear that the visitation schedule established by Family Court is reasonable.

The order should be affirmed, with costs.

MAHONEY, P. J., MAIN, MIKOLL and WEISS, JJ., concur.

Order affirmed, with costs.