■ In the Matter of CAROLYN L. WRIGHT, Respondent, v NATHAN WRIGHT, Appellant. — Appeal from an order of the Family Court of Albany County (Tepedino, J.), entered July 24, 1981, which, *inter alia,* denied respondent's cross petition for custody and placed certain restrictions upon respondent's visitation rights with his son. On August 4, 1980, petitioner filed a petition in Family Court against respondent, her former husband, seeking to terminate his visitation privileges with his infant child on the ground that during periods of visitation with respondent the child was physically abused. Respondent denied the allegations set forth in the petition and cross-petitioned for a change of custody. After a lengthy hearing, Family Court denied respondent's cross petition for a change of custody. Family Court also denied the petition to terminate respondent's visitation rights. Family Court, however, limited visitation, providing that "visitation of the child should be exercised in the locality where the child resides with his mother each Sunday from 10:00 a.m. to 6:00 p.m." On appeal, respondent does not contest Family Court's denial of his cross petition for custody. Rather, respondent limits his argument to the visitation order. Specifically, respondent contends for several reasons that since he currently resides in New York City, Family Court erred by restricting visitation to the Selkirk, New York, area, where the child resides with petitioner. In this regard, it is well established that the best interests of the child are the foremost consideration in a custody or visitation proceeding (Domestic Relations Law, §§ 70, 240; *Chirumbolo v Chirumbolo,* 75 AD2d 992, 993) and that

the Family Court is vested with discretion in reaching its determination (*Matter of Darlene T.*, 28 NY2d 391, 395; *Matter of Grayman v Hession*, 84 AD2d 111). Contrary to respondent's contentions, there is no evidence in the record that Family Court abused its discretion. The order must, therefore, be affirmed. In conclusion, it should be noted that we do not hold that respondent will never be permitted more liberal visitation rights with his son. Indeed, if respondent takes positive steps, Family Court might properly consider a modification of its order (cf. *Hotze v Hotze*, 57 AD2d 85, 89, mot for lv to app den 42 NY2d 805). Order affirmed, with costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.