■ ANITA KOENKE, Appellant, v MICHAEL M. KOENKE, Respondent. — Appeal from an order of the Supreme Court at Special Term (Harlem, J.), entered September 22, 1982 in Otsego County, which granted a motion pursuant to section 240 of the Domestic Relations Law permitting visitation rights with the children of the parties to defendant. Plaintiff secured a divorce from defendant on December 2, 1981. The decree contained a referral of issues of custody and visitation to Family Court. Pursuant to the decree, defendant sought visitation with his children in Family Court. The proceeding was dismissed on July 7, 1982 for failure of jurisdiction after it was revealed that plaintiff and the children resided in New Jersey. Defendant then applied for the same relief in Supreme Court where he was granted visitation rights with

his two sons. Plaintiff contends that defendant's motion is, in effect, an appeal of Family Court's determination and, therefore, has been inappropriately brought in Supreme Court. We disagree. Pursuant to section 240 of the Domestic Relations Law, in an action or proceeding brought for divorce, the custody of or right to visitation with children of the marriage must be contained in the decree as in the court's discretion justice requires, having regard to the circumstances of the case and of the respective parties and to the best interests of the child. The word "must" is mandatory (*Rodriguez v Rodriguez*, 79 AD2d 550). Here Family Court's failure to carry out the mandate of the Supreme Court's reference to it of the issues of visitation does not foreclose the court from exercise of its paramount and inherent jurisdiction. The father is entitled to visitation with his children. No hearing was necessary in the instant matter absent proof that visitation was inimicable to the welfare of the children. Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.