■ In the Matter of NINO T. YANNARILLI, Respondent, v GLORIA W. YANNARILLI, Appellant. — Appeal from an order of the Family Court of Chemung County (Danaher, Jr., J.), entered July 19, 1983, which awarded custody of the parties' child to petitioner.

This appeal seeks review of the propriety of Family Court's order awarding custody of Mary Ann Yannarilli to petitioner. Petitioner and respondent were married September 15, 1975 and were still married in February, 1982 when their cross

petitions for custody were filed. At the time of marriage, petitioner was 38 years old, divorced, and the father of three girls, the first of whom was born in 1962, the latter two in 1969 and 1971, respectively, and out of wedlock. At the time of marriage, respondent was 21 years of age and the mother of one child, Mellisa, born in 1975. From the time of their marriage until December, 1981, the parties and these children lived as a family unit in the City of Elmira. During the marriage, two children were born: Mary Ann, the subject of this custody dispute, on December 31, 1976, and Tammy Marie, on August 30, 1982, after the parties had separated. In December, 1981, respondent left the marital residence with her daughter Mellisa and moved to Buffalo, where her parents resided. The other children remained with petitioner in Elmira. The parties have not lived together since that time.

By petitions filed in February, 1982, each party sought custody of Mary Ann. Prior to the hearings on these petitions, held in March, April and June, 1983, legal custody of Mary Ann and two of petitioner's other daughters was in the Chemung County Department of Social Services. Mary Ann and one of the girls continued to reside with petitioner, while the third girl was placed in a foster home. In October, 1982, the Law Guardian reported to the court that respondent had absconded with the children while they were visiting her in Buffalo. Shortly thereafter, the children were returned to Elmira.

At the hearing for custody of Mary Ann (now seven years old), the testimony revealed that she was a well-adjusted, bright, kindergarten student, who had good relationships and friendships with her peers and in her neighborhood. Petitioner's residence was found to be sufficiently furnished and adequately supplied for the children's needs. Petitioner was found to be a good father when his alcohol problem was under control. Although he had previously had a problem, he was found to be responding well to in-patient and out-patient programs at St. Joseph's Hospital and also to Alcoholics Anonymous treatment. Respondent accuses him of cruelty and of causing her to leave because of his threats with a knife. In 1973, petitioner was convicted of second degree manslaughter for the death of a woman with whom he was living. However, Family Court found that he was a fit parent as long as he avoided the use of alcohol and that he had a good prognosis in this regard.

As to respondent, Family Court found that she, too, was accused of alcohol abuse and of an illicit relationship when she left her parents' home and moved to an apartment in the Buffalo area. Because of the distance, these facts could not be adequately investigated, and her friends and activities remained

unknown. Based on the testimony, Family Court considered the best interests of the child to require an award of physical custody to petitioner (see *Matter of Wright v Wright,* 88 AD2d 1008). In the best interests of the child, it was found that she was doing well at school and was being adequately cared for, and appeared well adjusted. She was in the care of her stepsister and under the supervision of the Chemung County Social Services Department, which could continue supervision and return the proceeding to court if necessary.

In these circumstances, we believe that Family Court considered all of the critical and relevant factors, and did not abuse its discretion in making a determination awarding custody of Mary Ann to petitioner. Furthermore, we find that the court's *in camera* interview of the stepsisters was without objection, and any error in this regard was not preserved for review on this appeal. Accordingly, the order of Family Court should be affirmed.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.