In the Matter of ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of KEVAN RR., Respondent, v DAVID SS., Appellant.—Appeal from an order of the Family Court of St. Lawrence County, entered July 12, 1979, which adjudged appellant to be the father of petitioner's child. On the trial of this proceeding to establish the paternity of a female child born on July 30, 1978, the mother of the child testified to intimate relations with appellant in the last week of July, 1977, in the second or third week of August, 1977, on October 16, 1977, and on February 14, 1977. She denied having intercourse with other men from July, 1977 until after the birth of the child. She recalled the date in October because she had been taken to the hospital that night as the result of a fall in the shower. Nancy

Bailey testified that at 4:30 A.M. on a day in October, 1977, after closing of the bar where she worked, she stopped with the brother of the mother of the child at their house for a beer and saw the mother and appellant sleeping in bed together. Mary Thatcher testified that in October or November she visited the mother and appellant was there and was there when she left at 12:00 or 1:00 A.M. Appellant contends that the decision of the court fails to comply with the provisions of CPLR 4213 (subd [b]) in that it does not embody adequate findings. CPLR 4213 provides, insofar as it is pertinent herein, that "The decision of the court may be oral or in writing and shall state the facts it deems essential." The decision of the court in this case satisfies this requirement. The decision was oral and stated the facts as to the date of birth; intercourse with appellant within the gestation period; the denial of the mother of intercourse with other men from July, 1977 until after the birth of the child; the forthright answers of the mother on the witness stand and the testimony of the witnesses placing the mother and appellant in her apartment. It was not necessary for the court to state how it resolved all conflicting evidence in the record. Appellant next contends that the evidence did not establish appellant as the putative father by entirely satisfactory evidence. It is argued that the mother was unsure of dates, times and places, except October 16, 1977; that her memory of the events on that date differed from those of her friend, Mary Thatcher; that her credibility should have been seriously questioned because she gave a false name of the father to Social Services, and none of her witnesses could corroborate her testimony as to sexual relations with appellant. The facts concerning the date of October 16, 1977, and petitioner's reason to recall that date, are set forth in the record. The facts and reasons for giving a false name to Social Services are also clearly set forth in the record. Contrary to appellant's contention that they had only been seen at a bar together and at a party at her apartment, one witness testified that they had been seen sleeping in bed together. These facts are sufficient to corroborate her testimony. The order of the Family Court should, therefore, be affirmed. Order affirmed, with costs. Greenblott, J. P., Kane, Mikoll, Casey and Herlihy, JJ., concur.