■ In the Matter of GILBERTO MARIN, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at

Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits. Petitioner filed an application for accidental disability retirement benefits based on an incident which occurred on May 8, 1975. Petitioner claims he sustained an accidental injury on that date which rendered him physically incapable of performing his duties as an employment interviewer with the State Department of Labor. The Comptroller ultimately found that although petitioner sustained an accident within the meaning of section 63 of the Retirement and Social Security Law, he was not permanently incapacitated from the performance of his duties as a result of his injuries. Petitioner commenced this transferred article 78 proceeding to challenge the denial of his application by the Comptroller. This case presents nothing more than conflicting medical testimony concerning whether petitioner's accident rendered him physically disabled from performing his duties as an employment interviewer. As we have stated on many occasions, the Comptroller's evaluation of conflicting medical testimony must be accepted (see, e.g., *Matter of D'Amato v Regan,* 81 AD2d 733; *Matter of Mathews v Regan,* 69 AD2d 970, mot for lv to app den 48 NY2d 610). Accordingly, since the testimony of the retirement system's physician supports the Comptroller's conclusion that petitioner is not disabled, the determination denying petitioner's retirement application is supported by substantial evidence and must be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.