■ In the Matter of ARNOLD GOLDSMITH, Petitioner, v EDWARD V. REGAN, as State Comptroller and as Administrative Head of the Employees' Retirement System and as Administrative Head of the Policemen's and Firemen's Retirement System, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement benefits. On September 30, 1975, petitioner, a Suffolk County police officer, allegedly suffered permanent back and leg injuries when his patrol car struck a protruding manhole cover. Respondent Comptroller found no permanent incapacity and disapproved petitioner's application for accidental disability retirement benefits. Petitioner requested and received a hearing at which his neurosurgeon testified that petitioner had unquestionably sustained a herniated disc which prevented him from functioning as a police officer. The retirement system's medical experts, taking issue with that diagnosis, concluded that clinical evidence of any disability was lacking. Much of the conflict in diagnosis stemmed from the interpretation of, and proper significance to be accorded, the results of a myelogram which had been performed on petitioner. The Comptroller is empowered to evaluate conflicting medical testimony (*Matter of Marin v New York State Employees' Retirement System*, 84 AD2d 896; *Matter of D'Anato v Regan*, 81 AD2d 733) and here he chose to credit testimony by the system's physicians that petitioner is not disabled. His determination to deny benefits being supported, as it is, by substantial evidence, must be confirmed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.