■ In the Matter of the WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant, v KENNETH WILLIAMS, Respondent. — Order unanimously reversed, on the law and facts, without costs, petition granted and matter remitted to Wayne County Family Court for proceedings on the issue of support. Memorandum: The standard to which proof must rise in a filiation proceeding is that it be "entirely satisfactory", and sufficient to create a genuine belief that respondent is the father of complainant's child. That belief must be supported by evidence which is found to be " 'clear and convincing' " (*Phillips v Broadwell,* 63 AD2d 840, 841). This does not mean proof beyond a reasonable doubt (*Matter of Espin v Pierce,* 85 AD2d 503, 504; *Matter of Commissioner of Welfare of City of N. Y. v Wendtland,* 25 AD2d 640, 641). In our view, by this standard, Family Court erred in concluding that petitioner failed to establish paternity by "clear and convincing evidence" (cf. *Matter of Sherry K. v Carpenter,* 90 AD2d 687). Complainant testified that she and respondent engaged in three separate acts of sexual intercourse, the last of which occurred during the first part of November, 1980. Respondent admitted that he had seen complainant on at least three occasions in late summer-early fall of 1980; that he had taken her to his home on a weekend in September when his parents were out of town, and that they went into his parents' bedroom where they both disrobed and got into bed together. He invoked the Fifth Amendment when asked whether he had made any "sexual advances" upon her on that occasion. He again invoked the Fifth Amendment when asked whether he had engaged in sexual intercourse with the complainant approximately two weeks later when they got into the back seat of his parked car together where they both undressed. He also admitted taking complainant for a ride in his car in early November, 1980, but claimed that they only drove around and that no act of sexual intercourse took place on that occasion. He further admitted that his interest in complainant was "sexual in nature" and that he considered her to be "very easy." There is no probative evidence of access to complainant by anyone other than respondent during the period of possible conception. In addition, the medical testimony reveals that if respondent did, in fact, have sexual relations with complainant during the first week

of November, 1980, this would have been "very compatible" with the premature delivery of the child born to complainant on July 25, 1981. Although the human leucocyte antigen (HLA) blood test was received in evidence at trial, it is not part of the record on appeal. The record does, however, indicate that it did not exclude respondent as the father of the child. On this record we conclude that the evidence was clear and convincing and entirely satisfactory to establish a genuine belief that respondent is the father of the child born to complainant on July 25, 1981. (Appeal from order of Wayne County Family Court, Stiles, J. — paternity.) Present — Callahan, J. P., Doerr, Boomer, Green and Schnepp, JJ.