■ In the Matter of St. Lawrence County Department of Social Services, on Behalf of Sylvia ZZ., Respondent, v Robert A., Appellant. — Appeal from an order of the Family Court of St. Lawrence County (Livingston, J.), entered February 15, 1983, which adjudicated respondent to be the father of petitioner's child. ¶ In this Family Court filiation proceeding, petitioner was the only witness. Petitioner's testimony revealed that petitioner and respondent had regular and frequent intercourse from around Christmas, 1980 through July, 1981 at either petitioner's mother's home or respondent's parents' home. On June 18, 1981, petitioner took a pregnancy test which confirmed that she was pregnant. When informed of petitioner's pregnancy, respondent was not pleased. The baby was born on February 1, 1982. Applying the normal gestation period, Family Court determined conception to have occurred in May, 1981. Petitioner's testimony that she had not had intercourse with any male other than respondent for many months prior to conception and for several months thereafter was credited by Family Court. ¶ Relying upon *Matter of Gray v Rose* (30 AD2d 138), respondent contends that Family Court's decision does not embody adequate findings. We disagree. The decision sets forth every fact necessary to support it in a manner which allows for adequate appellate review (*supra;* see, *Matter of St. Lawrence County Dept. of Social Servs. v David SS.,* 78 AD2d 739). Having reviewed the entire transcript, it is our opinion that the evidence was clear and convincing and that the adjudication of respondent's paternity must be upheld. ¶ Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

■ In the Matter of Manuel Fernandez, Petitioner, v New York State Employees' Retirement System et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County), to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits. ¶ Petitioner submitted an application for accidental disability retirement benefits to the Comptroller, claiming that when he slipped on a wet floor on November 8, 1978, he caused permanent injury to his back which prevented him from returning to his position as a uniformed court officer. The Comptroller found that petitioner was not permanently incapacitated for the performance of his duties and denied his application. After reviewing testimony taken at a hearing, the Comptroller upheld his previous determination. ¶ The determination of the Comptroller is supported by substantial evidence and, therefore, must be confirmed. The record presents conflicting medical testimony concerning whether petitioner's accident rendered him incapacitated from performing his duties as a uniformed court officer. The Comptroller's evaluation of conflicting medical testimony must be accepted in such cases (*Matter of Cannioto v Regan,* 97 AD2d 608; *Matter of Marin v New York State Employees' Retirement System,* 84 AD2d 896). The testimony of the retirement system's doctor supports the Comptroller's conclusion that petitioner is not permanently incapacitated from performing his duties. ¶ Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Yesawich, Jr., and Harvey, JJ., concur.