■ In the Matter of ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of RUTH GG., Respondent, v NEAL HH., Appellant. — Appeal from an order of the Family Court of Ulster County (Feeney, J.), entered September 16, 1983, which adjudicated respondent to be the father of petitioner's child.

The critical question on this appeal is whether there was sufficient, clear and convincing proof to support the determination of Family Court, made orally, that respondent was the father of the child born to petitioner on July 17, 1978. At the hearing, only the two parties testified. Initially, petitioner gave September 15, 1977 as the date of her last menstrual period. Respondent, therefore, urges failure to meet the burden of proof, since that date differed from the date of October 15, 1977 contained in petitioner's bill of particulars, which comported more accurately with the date of birth. However, when this discrepancy was pointed out to her, petitioner corrected her initial testimony in this regard.

As factors that completely destroyed petitioner's credibility, respondent urges the failure of the birth certificate to contain respondent's name; the failure of petitioner to notify respondent of her pregnancy or to demand payment of her medical bills from him; her admission to having had sexual intercourse with another man two months after the commencement of her pregnancy and many times thereafter; her having had two other children previously out of wedlock; her failure to fix the precise

time of the alleged conception or to recollect any identifying mark on respondent's body; or to remember any of the details of the occasion on which she became pregnant.

On the other hand, respondent admitted that he knew petitioner in 1975 and of having dated her until June, 1977, but denied sexual intercourse with petitioner for three months prior and three months subsequent to October, 1977.

In view of petitioner's testimony that the sexual relationship of the parties took place at petitioner's trailer over a considerable period of time, which included the time when she became pregnant, plus her testimony that she had no sexual relationship with anyone else during that time and the admission of respondent to having known petitioner, there is sufficient credible evidence to support Family Court's determination, which must be affirmed. The failure to make specific findings of fact does not *ipso facto* require reversal (*Morris v Terry K.*, 70 AD2d 1031) where the burden has otherwise been met.

Order affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.