■ In the Matter of WILLIAM R. MOON, as Commissioner of Social Services, on Behalf of ROBIN ZZ., Appellant, v MARK A., Respondent. — Mikoll, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered December 20, 1983, which dismissed the petition in a proceeding brought to establish paternity of petitioner's child.

In this paternity proceeding, it was established that petitioner and respondent first began dating in August 1981. The 18-year-old mother testified that they first had sexual intercourse sometime in January 1982 while respondent, the 16-year-old alleged

father, stated that they had sexual intercourse on their first date. Petitioner testified that she last had sexual intercourse with respondent at the end of May 1982. She said she began seeing another man in June and had intercourse with him in September 1982. Respondent said he and petitioner broke up at the end of May or the first week in June 1982 after he found out the other man was coming to petitioner's house to see her. Petitioner's mother testified that petitioner was going out with the other man in June 1982.

Respondent testified that the last time he had intercourse with petitioner was in the middle of May. Petitioner stated that she missed her regular period at the end of May 1982. She said she had normal menstruation during June, July, August, September and October 1982 after breaking up with respondent, and denied having had a miscarriage. Two witnesses testified that petitioner said she had a miscarriage. One witness testified that petitioner told her that if she knew respondent was the father of the child, she would have named the baby's middle name after him. Petitioner also testified that she missed her periods in November and December 1982, and that she was taken to the hospital complaining of abdominal pains on January 13, 1983. She was advised that she was pregnant and gave birth to a baby boy the following day.

Hospital records concerning the birth were admitted into evidence as well as a report of the results of a human leucocyte antigen (HLA) blood tissue test, which showed that respondent could not be excluded as being the father of the child and that the possibility of paternity rating was in the 98.91% category. The hospital records reported the baby to be a full-term baby, but the admitting diagnosis indicated "premature labor". However, other items concerning date of conception, date of last menstrual period and gestation were left blank or marked with a question mark. There was no expert medical testimony to explain the hospital records or the blood test results.

After trial, Family Court found that petitioner failed to prove respondent to be the father of her child to the entire satisfaction of the court and dismissed the petition. This appeal ensued.

Petitioner contends that there is sufficient proof in the record to satisfy her burden of proof and that the finding of Family Court should be reversed since it is contrary to the weight of the evidence. We disagree. There is ample support in the record to sustain the conclusion that petitioner did not meet her burden of establishing paternity to the court's satisfaction by clear and convincing evidence. We find no reason to substitute the judgment of this court for that of the Trial Judge who saw and heard

the witnesses (see, Department of Social Servs. v Trustum C.D., 97 AD2d 831, lv denied 61 NY2d 605).

Family Court's finding that petitioner's testimony was "vague and tentative" is supported by the record. No medical evidence was presented by petitioner to explain the unusual factual pattern described relating to her pregnancy and the discrepancies and conflicts found within and without the hospital records (see, Matter of Joanne O. v Andrew H. W., 87 AD2d 615). There was also conflicting evidence as to whether petitioner had access to another man during the time of possible conception. Further, the record contains admissions by petitioner that she had a miscarriage and that respondent was not the father of the child, casting doubt on her case.

It was Family Court's duty to determine the weight to be given the HLA blood test results and the inferences to be drawn therefrom. Considering the entire case, Family Court could properly find the HLA test results inconclusive in the absence of expert explanatory testimony. Accordingly, Family Court's conclusion that petitioner failed to meet the required burden should not be disturbed (see, Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G., 59 NY2d 137).

Order affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., and Levine, JJ., concur.