■ In the Matter of STANLEY J. KIMIECIK, on Behalf of SANDRA T., Appellant, v JESSE U., Respondent. — Casey, J. Appeal from an order of the Family Court of Chenango County (Humphreys, J.), entered May 2, 1984, which dismissed a petition seeking a declaration that respondent was the father of a child born to Sandra T.

The only witnesses to testify in this paternity proceeding were the mother and the alleged father. Their testimony conflicted on most of the relevant issues, with respondent denying that he ever had intercourse with the mother. The mother offered the results of blood tests indicating a 94.96% and a 99.52% probability that respondent fathered the child, but Family Court refused to accept the results into evidence without proper certification (*see,* CPLR 4518 [c]). Following the close of the parties' proof,

Family Court dismissed the petition, concluding that petitioner had not carried the burden of clear and convincing evidence of paternity. Family Court noted that it would have reached the same conclusion even if it considered the results of the blood tests. We affirm.

In view of the parties' conflicting testimony, creating questions of credibility, we see no basis for disturbing Family Court's findings, despite evidence of blood test results indicating the probability that respondent fathered the child (*see, Matter of Julie UU. v Joseph VV.*, 108 AD2d 1038; *see also, Matter of Moon v Mark A.*, 109 AD2d 1017). Contrary to petitioner's claim, Family Court's findings in its decision from the Bench are sufficient to allow adequate appellate review and, therefore, comply with CPLR 4213 (b) (*see,* Siegel, 1965 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4213 [1984-1985 Supp], p 136). Petitioner also contends that Family Court erred in ruling that the blood test results were not properly certified. As noted above, however, Family Court found petitioner's evidence insufficient to establish paternity even if the results of the blood tests were considered, and we agree. The order should, therefore, be affirmed.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.