■ In the Matter of KATHLEEN EE., Appellant, v KEVIN FF., Respondent. — Mahoney, P. J., Appeal from an order of the Family Court of Albany County (Coffey, Jr., J.), entered May 18, 1984, which dismissed a petition seeking a declaration that respondent is the father of a child born to petitioner.

Petitioner commenced this proceeding seeking a declaration that respondent was the father of her child. After a hearing, Family Court found that petitioner failed to establish paternity by clear and convincing evidence and dismissed the petition. This appeal by petitioner ensued.

Petitioner testified in her own behalf and Family Court found that her testimony had a number of inconsistencies. Petitioner admitted that she was intoxicated on the night in question and that she was unable to recall any specific details of the alleged act of sexual intercourse. Respondent offered the testimony of witnesses which contradicted certain portions of petitioner's testimony. Petitioner also introduced into evidence a human leucocyte antigen (HLA) test report which indicated a probability of 98.1% that respondent was the father of petitioner's child. Because of the conflicting testimony, a question of credibility was presented which Family Court was in the best position to resolve. The HLA test report was simply another fact to be considered. Based on the entire record, we see no basis for disturbing Family Court's finding (*see, Matter of Kimiecik v Jesse U.,* 111 AD2d 976; *Matter of Julie UU. v Joseph VV.,* 108 AD2d 1038). We note with regard to the HLA test report that only an HLA test was done. The test was not done in conjunction with red blood cell antigen, serum protein and red blood cell enzyme tests.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.