■ In the Matter of THOMAS K. BURNISTON, Representing

the Commissioner of the Department of Social Services of the County of Putnam, on Behalf of SHARON M., Respondent, v THOMAS S., Appellant.—In a filiation proceeding under Family Court Act article 5, the appeal, purportedly as a matter of right, is from so much of an amended order of the Family Court, Putnam County (Hickman, J.), entered November 9, 1984, as, after a hearing, found that the appellant is the father of a male child born on August 4, 1982, out of wedlock, to Sharon M.

On the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, said application is referred to Justice Lazer and leave to appeal is granted by Justice Lazer (CPLR 5701 [c]).

Order affirmed, without costs or disbursements.

This proceeding was commenced by an official of the Putnam County Department of Social Services on behalf of the mother, Sharon M., because she and her son received public assistance. At the hearing, the court received in evidence the results of a human leucocyte antigen (HLA) blood test which indicated that there was a 99.6% "extremely likely" probability that the appellant was the father of the child. It has been established that this test is highly accurate on the issue of paternity and should be accorded great weight (see, Matter of Department of Social Servs. v Thomas J. S., 100 AD2d 119, 123-124, appeal dismissed 63 NY2d 675).

While the testimony of the witnesses at trial was conflicting, the court concluded that Sharon M. was telling the truth when she stated that she had intercourse with the appellant in or about November 1981, which resulted in her pregnancy. Although the appellant denied that he had sexual relations with her during this period of time, it was undisputed that he had previously been involved in an intimate, long-lasting relationship with her.

Aside from the blood grouping test results, there also was a credibility finding by the Family Court. We share the Judge's impression that the appellant's witnesses appeared "predisposed to deny" the appellant's involvement with Sharon M. We also agree with the Family Court that the petitioner satisfied his burden of presenting clear and convincing evidence of paternity sufficient to support the order of filiation (see, Matter of Joan G. v Robert W., 83 AD2d 838, 839). Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.