■ In the Matter of ALLISON M., Appellant, v JAMES P., Respondent.—In a paternity proceeding pursuant to Family Court Act article 5, the petitioner appeals from an order of the Family Court, Suffolk County (Abrams, J.), entered May 9, 1985, which dismissed the petition.

Order reversed, on the law and the facts, without costs or disbursements, petition granted, it is determined that the respondent is the father of the petitioner's child born June 12, 1981, and matter remitted to the Family Court, Suffolk County, for further proceedings to fix the amount of support.

The petitioner set forth sufficient evidence to establish that the respondent was the father of the child. She testified that she had been living with the respondent for approximately five months prior to becoming pregnant, and for approximately five months afterwards. During that time the parties engaged in sexual intercourse virtually every day. The petitioner did not see any other men during that time (see, Matter of Wayne County Dept. of Social Servs. v Williams, 96 AD2d 724, affd 63 NY2d 658; Matter of Ulster County Dept. of Social Servs. v Neal HH., 105 AD2d 996). The respondent failed to testify or present any evidence in his behalf. Accordingly, it was within the power of the court to draw the strongest inference against him that the opposing evidence in the record permitted (Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141). Furthermore, the court erred in excluding the results of the human leucocyte antigen test (Family Ct Act § 532). The results of the test, which indicated a 98.79% probability of paternity, should have been accorded great weight on the issue of paternity (Matter of Burniston v Thomas S., 120 AD2d 522). Accordingly, the respondent is adjudicated the father of the child and we remit to the Family Court, Suffolk County, for a determination as to the amount of support the respondent must pay. Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.