■ In the Matter of ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of ROBIN GG., Appellant, v DE FORREST HH., Respondent.—Casey, J. Appeal from an order of the Family Court of Albany County (Cheeseman, J.), entered May 6, 1986, which denied petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of the child born to Robin GG.

At trial in this paternity proceeding, instituted by the local Department of Social Services, the natural mother testified that she met respondent in June or July 1983 and that she had sexual intercourse with respondent on weekends during the period from the end of September 1983 to December 1983, when she discovered she was pregnant. The mother denied having sexual relations with any other male during this period, and she testified that when she informed respondent of her pregnancy, he acknowledged that the child was his but told her he could not afford to support the child. Petitioner also presented two witnesses who testified to seeing the mother and respondent together on at least some weekends during the period at issue, and one of the witnesses testified that he saw them together in respondent's bedroom on two occasions in November or December 1983. The results of a human leucocyte antigen test, ordered by Family Court, established a probability of paternity of 93.2%. Respondent admitted having sexual intercourse with the mother twice, once at the beginning and once at the end of the period at issue.

Family Court dismissed the petition, finding the mother's "bare denial" of sexual relations with other men during the period at issue "not * * * worthy of belief". Our review of the record reveals sufficient clear and convincing evidence to sustain petitioner's burden of proof, and we therefore conclude that the petition should be granted.

In rejecting the mother's denial of access by other men, Family Court cited to the mother's admission that she used birth control pills during the two-year period prior to her pregnancy. Her testimony also shows, however, that she had a boyfriend during much of this period, with whom she was sexually active. She testified that she last had sexual intercourse with the boyfriend in July 1983, that the boyfriend became seriously ill and that he died in October 1983. Family

Court also concluded that the mother admitted having sexual intercourse with another man in early November 1983, but we are unable to find any support in the record for this conclusion. The mother testified that the last time that she had sexual relations prior to the period at issue was in July 1983, with her boyfriend, and that during the period at issue she had sexual relations with no male other than respondent. Her testimony in this regard contains no conflicts or discrepancies, and the record contains no proof to the contrary. We conclude, therefore, that Family Court erred in rejecting the mother's testimony.

Family Court also referred to the mother's failure to give precise dates of intercourse with respondent, describing her testimony as vague and imprecise. The mother's testimony, given some 2½ years after the events at issue, provides a specific time frame during which she and respondent had sexual intercourse on weekends and during which she became pregnant. There is nothing so vague and imprecise about this testimony that makes it incapable of sustaining petitioner's burden, as found by Family Court (see, Matter of Ulster County Dept. of Social Servs. v Neal HH., 105 AD2d 996; Matter of St. Lawrence County Dept. of Social Servs. v Robert A., 100 AD2d 694). In our view, the proof in this record, including that described above, is sufficient to support petitioner's burden of establishing paternity by clear and convincing evidence (compare, Matter of Wayne County Dept. of Social Servs. v Williams, 96 AD2d 724, affd 63 NY2d 658, with Matter of Moon v Mark A., 109 AD2d 1017). The order dismissing the petition must, therefore, be reversed.

Order reversed, on the law and the facts, without costs, petition granted and matter remitted to the Family Court of Albany County for further proceedings not inconsistent herewith. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.