OPINION OF THE COURT
W. Patrick Falvey, J.
The issue raised herein is one with little case law on point.
*102 The court has before it a petition initiated October 20, 1993 and originating in the State of Maryland under the Uniform Reciprocal Enforcement of Support Act and enforced under Domestic Relations Law article 3-A, Uniform Support of Dependents Law (USDL), seeking an order of paternity as well as support of said child by the respondent. The child having been born to the petitioner on January 12, 1987.
The respondent denied paternity of said child before the Hearing Examiner. A subsequent blood test shows probability of paternity of 97.4%.
Respondent continued to deny and the matter was referred to the Family Court (Family Ct Act § 439) for a determination on the issue of paternity.
The respondent has moved this court that the out-of-State petitioner mother should be present in Yates County for the hearing to establish paternity. (Domestic Relations Law § 37 [5].)
Counsel for the petitioner opposes such application asserting that the allegations in the petition and the blood test results are sufficient for a prima facie case. (Domestic Relations Law §37 [5], [19].)
Respondent states that it is necessary for the mother to be present for cross-examination specifically because the petition was not brought until almost seven years after the child’s birth. Therefore, given the length of time and the lack of contact between the parties the court should order the mother’s presence under Domestic Relations Law § 37 (5) so that she can be subject to cross-examination and her credibility can be judged personally by the court.
The court first must determine if the respondent’s denial of paternity is a frivolous defense under Domestic Relations Law § 37 (5).
The fact that there is a blood test does not prove paternity conclusively. In fact a blood test report is simply another fact to be considered when proving paternity. (Matter of Kathleen EE. v Kevin FF., 111 AD2d 1046.)
A respondent cannot be compelled to testify (Family Ct Act § 531), but the strongest inference may be drawn against him with its strength measured by what the opposing evidence permits if he doesn’t testify. (Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G., 59 NY2d 137, 141.)
The petitioner’s burden of proof is a heavy one, i.e., clear *103 and convincing evidence, evidence which is entirely satisfactory and creates a genuine belief that respondent is the father of the child. (Matter of Lopez v Sanchez, 34 NY2d 662.) Indeed, properly so since a finding of paternity obligates a putative father to substantial legal, financial and emotional responsibilities for an extended period of time.
Therefore, the respondent should be afforded full due process, including the right of confrontation.
A proceeding under article 3-A of the Domestic Relations Law should be no different. The enactment of the Uniform Laws of Enforcement of Support supplied only a remedy not additional rights. Therefore, one cannot acquire a greater substantive right by proceeding under the USDL than rights provided by the Family Court Act and the decisional law. (Barone v Hill, 148 AD2d 139, 141-142.)
Therefore, a person alleged to be the father of a child under the USDL should not be denied his right of confrontation just because the mother is not living within New York State.
The facts in the case at bar are distinguishable from Matter of Diana A. v Gary J.G. (192 AD2d 706, lv denied 82 NY2d 664) and Matter of Kyra D.G. v Jeffrey W. (203 AD2d 569). For in Diana A. the Court merely stated that the Family Court exercised its discretion and required the presence the petitioner at the paternity hearing. (Domestic Relations Law § 37 [5].)
While Kyra D.G. (supra) stated that the mother’s presence was discretionary and not necessary, the Court reasoned that the weight of the competent, credible evidence, i.e., the respondent’s testimony of having sexual relations with the mother and the HLA test results indicating a 99.73% chance that respondent had fathered the child sufficiently carried the petitioner’s proof.
It appears to this court that the mother’s presence depends on the proof. However, the trial court would not know the quality of the proof until the case was concluded. An impossible task for the trial court which suggests that the mother’s presence in paternity hearings under article 3-A is required.
The court determines that the defendant’s defense is not frivolous and the mother’s presence at the hearing is required under Domestic Relations Law § 37 (5).