In the Matter of STEPHEN CARUSO, Petitioner, v MICHAEL ARMIENTO et al., Respondents. [620 NYS2d 404] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Police Commissioner of the City of New Rochelle, dated July 7, 1992, which, after a hearing, found the petitioner capable of returning to light duty status with the New Rochelle Police Department and directed him to return to duty.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner, a police officer in the City of New Rochelle, sustained injuries on October 14, 1990, while attempting to effect an arrest. He was treated at New Rochelle Hospital for injuries to his back and shoulder, and for a broken finger. As a result, he did not return to work as a police officer. His application to the New York State Policemen's Retirement System to be retired on a permanent disability was denied the following year, prompting the City of New Rochelle to have him examined by an orthopedist, who concluded that the petitioner could return to light duty. The petitioner requested a hearing on that issue, at the conclusion of which the Police Commissioner adopted the Hearing Examiner's findings and directed the petitioner back to light duty work as a radio car

dispatcher. The petitioner hereby challenges the Commissioner's determination.

The evidence adduced at the hearing basically presented conflicting medical testimony regarding the petitioner's ability to return to light duty after suffering a line-of-duty injury. On the one hand, the City's expert testified that while he could not rule out the possibility that the petitioner had suffered a herniated disc, and while the petitioner still experienced some limitation of movement originating in his spine and discomfort in his back, in his opinion the petitioner suffered from a partial disability which did not render him incapable of doing sedentary work that did not involve bending or lifting, provided that he be permitted to get up and walk around from time to time. In contrast, the petitioner's neurologist testified that due to the fact that the petitioner herniated his disc and, because he suffered two epileptic seizures in the 16-month-period following the incident (the cause of which the expert determined to be the October 1990 incident, basically because he could find no other origin for the epilepsy and because of the timing of the seizures), the petitioner was not capable of working as a dispatcher. However, on cross-examination he acknowledged that the seizures had been eight months apart and that the medication the petitioner was taking effectively controlled the problem.

The Hearing Examiner's decision to credit the testimony of the expert who examined the petitioner at the behest of the City of New Rochelle has a rational basis in the record, given the medical evidence supporting that testimony *(see, Matter of Horrigan v Regan,* 88 AD2d 680; *Matter of Marin v New York State Employees' Retirement Sys.,* 84 AD2d 896). Moreover, the Hearing Examiner's factual findings, as well as his conclusion that the petitioner was fit to return to light duty as a police officer in the City of New Rochelle, and specifically, to act as a dispatcher, are supported by substantial evidence *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Thus, the Police Commissioner's decision to adopt the Hearing Examiner's findings and conclusion withstands judicial scrutiny and shall not be disturbed.

We have considered the petitioner's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Lawrence and Florio, JJ., concur.